H. Morrison, Jr., v. Western Union Telegraph Company.

Decided October 13, 1900.

**Telegraph Company—Damages—Mental Anguish Self-Provoked.**

Where there was a failure to deliver a message sent by a husband on his return from a hunting trip, apprising his wife as to his good health, which message was sent in compliance with an agreement with her to do so, should he be well and uninjured, the telegraph company is not liable in damages for the wife's uneasiness and mental distress, the husband not having been exposed to any serious danger or in peril, since her distress was unnecessary, self-provoked, and arising from purely imaginary causes.

APPEAL from Johnson. Tried below before Hon. J. M. HALL.

*F. M. Ball,* for appellant.

*Ramsey & Odell,* for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—The appellant, H. Morrison, Jr., brought this suit against the appellee, the Western Union Telegraph Company, to recover damages on account of the failure of the company to deliver a telegram sent by him to his wife. A general demurrer was sustained to the petition, and, the plaintiff declining to amend, final judgment was rendered against him, and he appealed.

It was alleged in the petition that Morrison and his wife lived at Cleburne; that he went on a hunting trip down in Bosque County, and that his wife went to Dallas to stay with relatives during his absence; that before separating it was agreed between them that as soon as he reached a telegraph office on his return he would, if well and uninjured, send her a message notifying her of that fact; that when he reached Kopperl on his way home he, being in good health and having met with no accident, did send her such message; that the company negligently failed to deliver same, and that his wife suffered great uneasiness and mental distress on account of not receiving said message. It was also alleged that, when he sent the message, Morrison notified the agent of the company of the object and purpose of sending the same.

The petition did not state a good cause of action and the demurrer was properly sustained. Rowell's Case, 74 Texas, 626; McCarthy's Case, 56 S. W. Rep., 568; Johnson's Case, 38 S. W. Rep., 64; Rickett's Case, 10 Texas Civ. App., 226, 30 S. W. Rep., 1105; De Voegler's Case, 10 Texas Civ. App., 229.

No facts are alleged which were calculated to produce in the mind of the wife a reasonable apprehension concerning the safety of her husband. It is not alleged that he was, during his absence from her, exposed to serious danger or imminent peril. Her distress was therefore unnecessary, and arose from purely imaginary causes. It was self-provoked, and was based upon no reasonable ground. Mental anguish, so occasioned, can not be made the subject matter of a contract.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.