WESTERN UNION TELEGRAPH COMPANY v. SHOFNER.

Opinion delivered July 13, 1908.

1. ACTIONS—MISJOINDER—HARMLESS ERROR.—While it was error to overrule a motion to strike out the name of one of two defendants on the ground that the complaint did not state a case of joint liability, such error was not prejudicial if separate actions against the two defendants could have been consolidated and tried together under act of May 11,

1905, authorizing the consolidation of "causes of action of like nature or relative to the same question." (Page 307.)

2.  TELEGRAPH MESSAGE—NEGLIGENCE.—A verdict awarding damages for mental anguish against a telegraph company for negligence in transmission and delivery of a message will be sustained by evidence that the message was not correctly transmitted and delivered, and that it would have apprised plaintiff that her mother was dying in another State, and that if the message had been promptly delivered to the proper person plaintiff would have received it in time to attend her mother's funeral and would have done so. (Page 307.)

3   SUFFICIENCY OF NOTICE OF DAMAGE.—A message which on its face relates to sickness is sufficient to charge the telegraph company with notice of damages which might result from negligence in handling it. (Page 308.)

Appeal from Howard Circuit Court; *James S. Steel,* Judge; affirmed.

*Geo. H. Fearons, W. C. Rodgers* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant:

1.  The action of plaintiff was in tort for the non-delivery of a telegram. There is no allegation of joint negligence in the complaint, and plaintiff seeks to recover against one defendant only, without stating which. There was a misjoinder of parties defendant, and the motion to strike out the name of one defendant should have been sustained. 79 Ark. 453; 77 Ark. 535; 51 Ark. 260; Kirby's Dig. § 6082; Bliss on Code Pl. § 83.

2.  There is no proof that plaintiff's damage was caused by any negligence on the part of defendant, nor that she could have reached either Rule or Abilene before her mother was buried, even had the message reached her promptly.

There is only a possibility that Will Rountree would have been able to deliver the message to plaintiff, and damages based on this contingency are too speculative and uncertain to warrant recovery. 54 S. W. 825; 90 Ky. 265; 87 Tex. 38; 45 N. Y. 744; 11 Cal. App. 328; 18 Wash. 260; 96 Fed. 84; 78 Me. 97; 79 Miss. 58; 114 N. C. 440; 100 Cal. 454.

Defendant had no notice that plaintiff would expect to go to Abilene, instead of Rule, Texas, as the message indicated, and defendant did not have in contemplation that the message would induce plaintiff to go to Abilene. 53 Ark. 434; 78 Ark. 545; 79 Ark. 37.

*W. P. Feazel,* for appellee.

1. If there was a misjoinder of parties defendant, appellant has failed to show in what way it was or could have been prejudiced by being joined as a defendant with the railroad company.

2. The question as to what appellee could and would have done if appellant had discharged its duty was fairly submitted to the jury, and their verdict settles the question as to the sufficiency of proof. It is conclusively shown that she could have gone either to Rule or Abilene in time for the funeral, if the message had been promptly delivered, and Rountree's testimony was sufficient to warrant the jury in finding that he would have sent it to her in time to take the train the next morning. On the question of notice whether or not she would expect to go to Rule or to Abilene, the message itself was notice that there would be a funeral somewhere in a short time, and that appellee was interested, would likely attend if it was delivered promptly, and that failure therein would probably deprive her of the opportunity. This is sufficient to fix liability on appellant for damages arising from its negligence. 82 Ark. 526; 78 Ark. 551.

McCULLOCH, J. This is an action instituted by Mrs. T. W. Shofner to recover damages resulting from alleged negligent failing of the telegraph company to properly transmit a telegram informing the plaintiff of the critical illness and impending death of her mother. Mental anguish is alleged to have been endured by her on account of being denied the privilege of attending her mother's funeral.

The plaintiff resided at Corinth, Arkansas, a village in Howard County, about seven miles from Nashville. Corinth is off the railroad, and has no telegraph or telephone connections; Nashville being the nearest point of communication. Her mother was at Rule, Texas, and her brother, C. W. Bacon, filed with the agent of the Western Union Telegraph Company at Rule on April 27, 1907, the following message and paid the tolls thereon:

"Corinth, Ark. *via* Nashville, Ark.   Care Will Rountree.
"Mother can live but a few hours.

[Signed]   "C. W. Bacon."

The message was transmitted over the wires of the Western Union Telegraph Company from Rule, Texas, to Hope, Arkan-

sas, thence to Nashville over the wires of the Arkansas & Louisiana Railway Company, the latter company being engaged .in operating a telegraph line for public service between the two last named points. Before the message was delivered to the plaintiff or to Will Rountree, the words "Care Will Rountree" were omitted therefrom, and the alleged negligence upon which. the action is based consists in this omission.

The testimony, though conflicting, tends to establish the fact that the message contained the words when it was filed with the Western Union for transmission, and the undisputed evidence shows it was not contained in the message delivered by that company to the Arkansas & Louisiana Railway Company. So it may be treated as established by the verdict that the words in question were negligently omitted from the message by the servants of the Western Union.

The action was instituted and progressed to trial against both companies, but after the testimony was all in the court gave a peremptory instruction to the jury to return a verdict in favor of the railway company.

Will Rountree, the person originally named in the message, resided at Nashville, and was closely related .by marriage to Bacon, the sender of the message. The message reached Nashville at 5:30 P. M. on April 27th, but as it contained no directions concerning delivery and the operator at that place had no information concerning the means of delivering it through Will Rountree, he resorted to the only method at his command in mailing it to Mrs. Shofner at Corinth, and as there was no mail until two days later, on Monday, April 29th, the message did not reach her until that day which was too late for her to attend the funeral of her mother, who died on Sunday, April 28th, at Rule, and was buried on Tuesday, April 30th, at Abilene, Texas.

The evidence tends to show that if the omitted words had remained in the message it would have been delivered to Rountree Saturday evening, that he would have sent it out to plaintiff the same evening, and that the latter could and would have attended the funeral of her mother. The evidence shows that if she had received the message in time she could have left Nashville at 8:30 A. M. on Sunday, April 28th, and by ordinary railroad travel reached Abilene at 4:27 P. M. on April 29th, which

would have been seventeen hours before the funeral. The jury returned a verdict in favor of the plaintiff against the Western Union Telegraph Company, assessing the damages at $500, and said defendant appealed.

Misjoinder of the two defendants in one action is assigned as error, the court having overruled a motion to strike out the name of one of the defendants on the ground that the complaint did not state a case of joint liability. This motion should have been sustained, but as separate actions against the two defendants could have been consolidated and tried together, pursuant to the statute (Act May 11, 1905) authorizing the consolidation of "causes of action of like nature or relative to the same question, no prejudice resulted from the ruling. *Mahoney* v. *Roberts*, 86 Ark. 130.

It is earnestly insisted that plaintiff has failed to make out a case for damages because it is too uncertain whether or not Rountree would have promptly sent the message out to plaintiff at Corinth if it had been delivered to him in time, or whether she would have gone to her mother's funeral if she had received the message in time, or whether the train ran on schedule time between Nashville, Arkansas, and Abilene, Texas, on the occasion named. The jury had before them the positive assertions of plaintiff and Rountree that the message would have been delivered in time, and that plaintiff would have attended her mother's funeral but for the negligence of the defendant. There is nothing in the circumstances of the case to contradict them, and the jury were warranted in finding that the statements were true. Proof that, according to the train schedules, plaintiff could have left Nashville at 8:30 Sunday morning and reached Abilene at 4:27 Monday afternoon made out a *prima facie* case sufficient to warrant a finding by the jury that she could have reached there in time for the funeral. It was not a question of presumption but one of proof, and the court properly refused to give any instruction as to a presumption either way about trains running on schedule time. Of course, there might have been washouts or wrecks which hindered the running of trains, so that plaintiff could not have reached Abilene until after the funeral; but those are unusual things which need not be negatived in the evidence. Plaintiff might, in driving from Corinth to Nash-

ville, have encountered a swollen watercourse which prevented passage, or her horse might have run away and crippled her so that she could not travel, but those were contingencies more or less remote which it was not necessary to negative.

It is also contended that as the telegram did not mention the place of burial the delay in delivery could not have prevented plaintiff from going to Abilene, and that defendant is not liable for the alleged mental anguish caused by the negligent omission of the words from the message. Mrs. Shofner testified that her mother lived at Abilene, and she knew that the burial would be at that place, and she would have gone there, notwithstanding the fact that her mother was sick at Rule. The message on its face related to sickness and death, and was sufficient to charge the telegraph company with notice of damages which might result from negligence in handling it.

There are other assignments of error which are not deemed of sufficient importance to discuss. The case was fairly tried, and the evidence sustains the verdict.

Affirmed.