WESTERN UNION TELEGRAPH COMPANY *v.* ARCHIE.

Opinion delivered October 18, 1909.

TELEGRAPH COMPANIES—NEGLIGENCE—MENTAL ANGUISH.—Where a message sent by a husband to his brother to meet his wife at the train was never delivered, and she reached her destination in the daytime without any one to meet her, the fact that she was disappointed and anxious on that account will not be ground for recovery by her of damages for mental anguish.

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; affirmed with modification.

## STATEMENT BY THE COURT.

C. L. Archie and Maggie Archie brought suit against the Western Union Telegraph Company to recover damages for mental anguish on account of the alleged negligence of the defendant company in failing to transmit and deliver a telegram from C. L. Archie to his brother, requesting him to meet Maggie Archie, the wife of C. L. Archie, at the station at Corinth, Miss., on a certain day.

C. L. and Maggie Archie lived in Bowie County, Texas. Maggie Archie was in ill health, and under the care of a physician. He advised her to leave Texas. Her husband decided to send her to Mississippi, where they had relatives. He accompanied her to Texarkana, Arkansas, and from that place on the 13th day of October, 1906, delivered to the defendant company for transmission to his brother at Corinth, Mississippi, the following telegram:

"To J. W. Archie, Corinth, Miss.

"Meet Maggie on No. 30 tomorrow.

"C. L. Archie."

On October 14, 1906, Maggie Archie, accompanied by her little boy and girl, arrived at Corinth on train No. 30, between one and two o'clock in the daytime. J. W. Archie did not meet her. After waiting at the station for him for ten or fifteen minutes, she started to walk to his house, which was about three-quarters of a mile distant. When she had gone two or three blocks, she met a friend, who conducted her there and carried her bundles. She and the children were so weak and sick that at times they had to stop and rest. When they reached her brother-in-law's, she was so weak and sick that she went to bed. She remained in Corinth about one week, and then went to her father's about twelve miles in the country. For several years prior to going to Texas she had lived within four or five miles of Corinth, but when she came to Corinth, she came in on the opposite side and not by the depot. She was a stranger to that part of the town. Corinth is a place of from seven to ten thousand inhabitants. There was a nice hotel near the depot, and J. W. Archie had a telephone in his house. The company received the message promptly at Corinth, but failed to deliver it.

There was a trial before a jury and a verdict for plaintiffs in

the sum of $500, and the defendant duly prosecuted 'an appeal to this court.

*George H. Fearons, Todd & Hurley,* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

Appellee arrived at her destination, a town where she was well acquainted, in broad daylight. She knew where the home of her brother-in-law was. Could have hired a conveyance there for two dollars, but preferred to walk. After walking two or three blocks, she met a friend who took her bundles and accompanied her the remainder of the distance. She suffered no ill-effects. The verdict was grossly excessive. No ground for recovery of exemplary damages is shown, nor prayer for same in the complaint. 115 S. W. 954; 77 Ark. 110; 78 Ark. 331; 70 Ark. 136; 80 Ark. 260; 89 Ark. 261; 45 Ark. 524; 65 Ark. 182. Nothing to justify recovery for mental anguish. 83 Ark. 476. See also, 81 S. W. 580; 76 Tex. 263; 44 So. 382; 73 Fed. 273; 70 Tex. 244; 81 Mo. App. 233. A good hotel stood near the depot where she could have gone and telephoned her brother-in-law, or she could have called a carriage at a trifling cost. It was appellee's duty to minimize the damages, not to aggravate them. 2 Joyce, Elec. Law, § 972; 38 S. W. 637; 81 S. W. 581; 133 S. W. 1064; 15 S. W. 1048; 51 S. E. 931.

2. No recovery can be had for mental anguish because it is conceded that there was no negligence in this State. If there was any negligence, it occurred in Mississippi. 77 Ark. 535; 2 Joyce, Elec. Law, § 828; 68 Miss. 748; 9 So. 823; 47 So. 552; 85 Ark. 268; 60 S. W. 435.

*Webber & Webber,* for appellees.

1. Here is a case of a frail woman traveling with two sick children, herself enfeebled by long illness, whose husband had detained her at a hotel in Texarkana for a day to enable him to wire his brother in Corinth to meet her at the train, finding herself alone in a strange city with no one to meet her. We submit that the evidence shows such wilful wrong and gross disregard of appellee's rights as justifies the verdict. 77 Ark. 110; 83 Ark. 267; 85 Ark. 267; 2 Joyce, Elec. Law, § 972.

2. The statute, Kirby's Dig., § 7947, makes a telegraph company liable for negligence in delivering, as well as in sending, a message, and the fact that the message was delivered in Missis-

sippi does not preclude recovery.  2 Joyce, Elec. Law, § 801 b; *Id.* § 822.

HART, J., (after stating the facts.)  Counsel for appellant insist that, under the particular facts and circumstances of this case, appellees are not entitled to recover damages for mental anguish.  We do not think that there could have been any real mental suffering in this case.  The facts are essentially different from those in the case of *Western Union Tel. Co.* v. *Hanley,* 85 Ark. 263, where a recovery was allowed.  In that case Mrs. Hanley arrived at Mayfield, Kentucky, at one o'clock at night, and on account of the failure to deliver her message she was compelled to remain at the station for about three-quarters of an hour before she could get a conveyance.  It is true that she suffered no insult or physical injury, but the question was what would be the natural effect upon her mind.  Her mental anguish consisted in what might have happened to a defenseless woman in the middle of the night in a strange place.  The very fact that she arrived at that time of night unattended and with no one to meet her might have caused her to be insulted, or to suffer a worse injury.  Here Maggie Archie arrived at her destination in the middle of the day.  There was a hotel close to the station. She had relatives in Corinth with telephone connection in their house.  She only remained at the station ten or fifteen minutes and met a friend within two or three blocks of there, who went with her to her brother-in-law's.  The facts and circumstances as detailed by her show that she was only subjected to disappointment at not being met at the station.  There was no real danger from the situation in which she was placed.  Her sickness was not caused by mental suffering.  At most, she could only have suffered anxiety from an imaginary situation.  There could have been no real cause for mental anguish.  As held in the cases of *McAllen* v. *Western Union Tel. Co.,* 70 Tex. 243, and *Morrison* v. *Western Union Tel. Co.,* 24 Tex. Civ. App. 347, in order to recover damages under the mental anguish doctrine, it is necessary that the mental anguish suffered be real and with cause, and not merely the result of a too sensitive mind or a morbid imagination.

Having decided that the appellees are not entitled to recover, under the facts of this case, damages for mental anguish, it is not necessary to consider the other assignments of error of the appellant company.

It is conceded that the appellees are entitled to recover the sum of two dollars, and a judgment for that sum will be affirmed.