WESTERN UNION TELEGRAPH COMPANY *v.* BANGS.

Opinion delivered February 21, 1910.

1.  TELEGRAPHS AND TELEPHONES—DELAY IN DELIVERY OF MESSAGE—EVI-
    DENCE.—An allegation, in a complaint against a telegraph company
    for delay in delivery of a message requesting the sendee to prepare
    for the burial of the sender's wife, to the effect that the message
    advised the sendee that the remains would arrive on the morning
    train, with a request that the sendee prepare for the funeral, and that
    the defendant's failure to deliver the message until after the train
    arrived caused plaintiff mental anguish, was sufficient to admit evi-
    dence that there was no one to meet the sender at the depot, and that
    if the message had been promptly delivered preparation would have
    been made for the funeral.  (Page 46.)

2.  SAME—DELAY IN DELIVERY OF MESSAGE—MENTAL ANGUISH.—Where
    delay in delivery of a message requesting sendee to prepare for funeral
    of sender's wife merely occasioned a delay of a few hours in her
    burial, a recovery of damages for mental anguish was not au-
    thorized.  (Page 47.)

Appeal from Sebastian Circuit Court, Fort Smith Disrtict;
*Daniel Hon,* Judge; reversed.

STATEMENT BY THE COURT.

The appellee alleged that his wife, Mrs. Zelah Bangs, died
January 23, 1909, at about the hour of 3 o'clock in the afternoon;
that "about two hours thereafter, towit, about the hour of 5 o'clock,
plaintiff caused to be posted with the telegraph operator at Mid-
land, a telegram to John H. Redmon, a friend of both said plain-
tiff and his deceased wife, at said Belleville, in substance ad-
vising said Redmon of said demise, and that the remains would
arrive at Belleville on the morning train, and to make appro-
priate preparations for the arrival of the remains and funeral
company and for the burial.  Defendant was negligent in trans-
mitting and delivering said message, and the same was not de-
livered until after the hour of 11 o'clock on the following day,
nor until after the arrival at said Belleville of said funeral com-
pany with the remains of plaintiff's said wife, and thereby inflicted
on plaintiff great mental pain and anguish and suffering, to
plaintiff's damage in the sum of $1,000."

Appellant answered, denying the allegations of plaintiff's
complaint.

J. R. Bangs testified that his wife died January 23, about 3 P. M., and that she was buried at Belleville the next day at noon. That about 5 P. M. on January 23, 1909, he delivered to the defendant's agent at Midland, Ark., the following message and paid the charges for the same:

"Midland, Ark., 1-23.

"To Jno. H. Redmon,
   "Belleville, Ark.
   "Prepare burial of my wife. Will be there on morning train.

                                              "J. R. Bangs."

That Mr. Redmon did not meet him at the depot, and that no one was there to meet him. That he got to Belleville about 11 A. M., and that the funeral took place in the afternoon; could not say whether it was early in the afternoon or late.

It was shown that the charges paid by appellee amounted to 27 cents. John H. Redmon, the sendee of the message, testified that he lived at Belleville in a short distance from the station and next door to Mrs. Crown, the mother of Mrs. Bangs; was a close friend of deceased and her husband. That he was in Belleville on January 23 and 24. That at the time the train arrived bringing the remains and the funeral party he had not received the message in question. That as soon as the train came in he went to the train. That as quickly as the news spread a very large crowd of relatives, friends and acquaintances gathered at the home of the mother of the deceased. That the funeral took place that afternoon. Could not state the exact time, but it was very near night when they got through. That, had the message been delivered promptly, he could and would have made the preparations for the burial.

The jury returned a verdict in favor of appellee for the sum of $500. Judgment was entered against appellant for that sum.

The motion for new trial was as follows:

That the verdict was not sustained by sufficient evidence.

That the amount of damages allowed by the jury is so excessive as to appear to have been given under the influence of passion or prejudice.

That the court erred in permitting the plaintiff to testify, over the objection of the defendant, that there was no one to meet

him at the depot at Belleville when he arrived with the remains of his wife.

That the court erred in permitting the witness John H. Redmon to testify, over the objections of defendant, that he could have prepared for the funeral had he received the telegram before the arrival of the train.

That the court erred in permitting the witness John H. Redmon to testify that he would have prepared for the funeral if he had received the telegram before the arrival of the train.

Which motion the court overruled and the defendant excepted. This appeal has been duly prosecuted.

*George H. Fearons, Rose, Hemingway, Cantrell & Loughborough* and *Mechem & Mechem,* for appellant.

1. There was no allegation in the complaint that if the message had been delivered promptly appellee would have been met at the depot, and that Redmon could and would have made preparation for the funeral. Evidence of such facts was therefore inadmissible. 92 S. W. 1036.

2. About the only thing of which appellee can complain is that no one met him at the depot when he arrived; yet Redmon was there immediately after he arrived, a large number of friends, relatives and acquaintances attended the funeral, and there is nothing to show that, had the message been delivered on time, the funeral would have occurred earlier than it did. The verdict is so excessive as to manifest passion and prejudice.

*Jo Johnson,* for appellee.

The allegations of the complaint are sufficient to charge that, if the message had been promptly delivered, Redmon would have met appellee at the depot, and that preparation for the funeral would have been made. If it was insufficient, appellant should have filed a motion to make it more specific.

2. Having failed to abstract all the testimony, appellant cannot be heard to say that the verdict was excessive. 89 Ark. 349; 88 Ark. 449; 87 Ark. 212.

WOOD, J., (after stating the facts.) 1. Appellant contends that the judgment should be reversed because the court permitted appellee to testify, over appellant's objection, "that there was no one to meet him at the depot," and because the court permitted witness Redmon, the sendee, to testify, over appellant's

objection, "that, had he received the message, he could and would have made preparation for the burial."

The appellee alleged that the telegram advised Redmon "that the remains would arrive at Belleville on the morning train, and to make appropriate preparations for the arrival of the remains and funeral company and for the burial," and that the failure of the appellant to deliver the telegram "until after the arrival of said funeral company with the remains" inflicted on plaintiff great mental pain and anguish.

The allegations of the complaint were sufficient to admit proof that there was no one to meet appellee at the depot, and also that, if the message had been received before the arrival of the remains, due preparation would have been made for the burial before that time. The complaint in substance alleges that the purpose of the telegram was to have some one to meet the remains and funeral party at the train and to have preparations made in advance for the burial. Alleging that the failure to deliver the telegram caused appellee mental anguish in connection with the above allegation was tantamount to an allegation that, if the telegram had been delivered before the arrival of the remains, there would have been some one to meet appellee and the remains, and that Redmon could and would have made preparation for the burial. In no other way, according to the allegations, could appellee have suffered mental anguish.

2. The appellant next contends that the verdict was excessive. This necessarily involves the question as to whether, under the evidence, appellee suffered any mental anguish; for, if he did not, the verdict was excessive to the full amount thereof.

We are of the opinion that the evidence does not warrant a verdict for damages for mental anguish in any sum whatever. What mental anguish could there be in having the funeral or burial delayed for a few hours or in the failure to have Redmon or some one else to meet appellee at the depot? It was the duty of the employees of the railway company to lift the remains from the train at the depot and to deliver same to appellee. It must be assumed, in the absence of evidence to the contrary, that they performed their duty, and not that they were derelict in that respect, as appellee would have us presume. We cannot assume that the employees and servants of the railway company

were unmindful of the respect due the living as well as the dead under the circumstances, and that, by reason of the failure of some one to meet appellee at the depot, they handled the remains of appellee's consort in such manner as to cause him mental anguish. No such irreverence and disrespect for the dead in their charge is proved against the employees of the railway company. We must therefore assume that they handled the coffin containing the corpse of Mrs. Bangs with the same becoming decency and tenderness that they would have done had appellee been met by all his relatives and friends. Then in what other way could appellee have been subjected to mental anguish on account of the absence at the depot of some one to meet him? The evidence shows that his expected friends and relatives soon gathered around him in large numbers. He thus, in very short time, had the benefit of whatever consolation could come to him from that source, and we are unable to see that any real mental anguish could grow out of the fact that the burial of the remains was postponed for a few hours. "The grave has its horrors," and it cannot be a cause for mental anguish that one is compelled to withhold the remains of his loved one from the yawning tomb, especially when there is still ample time for the last sad rites to be duly performed in the open day and without any special circumstances of annoyance or inconvenience. Such was the case here. So we conclude that the damages of appellee for mental anguish were entirely imaginary. At least, they were too indefinite and remote to be the basis of a cause of action against appellant under section 7947 of Kirby's Digest. *Western Union Tel. Co.* v. *Archie*, 92 Ark. 59. The judgment is therefore reversed, and judgment will be entered here in favor of appellee for 27 cents and the costs of this suit accrued in the lower court.