Western Union Telegraph Company v. McKenzie.

Opinion delivered October 31, 1910.

TELEGRAPH COMPANY—DAMAGES FOR MENTAL ANGUISH.—The statute permitting the recovery against a telegraph company of damages for

mental anguish (Kirby's Dig., § 7947), contemplates that the mental anguish suffered should spring from real conditions, and not be merely the result of a too sensitive mind or morbid imagination.

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; reversed.

*George H. Fearons, Trimble, Robinson & Trimble* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1. Appellee's anxiety, as shown by the proof, was without real foundation, due to her imagination, and was not that mental anguish for which the law will award compensation. Mental anguish "contemplates suffering in mind over the real ills, sorrows and griefs of life." 83 Ark. 476; *Id.* 39; 90 Ark. 268.

2. Appellant is not liable for mental anguish due to special circumstances, notice of which was not communicated to it. 79 Ark. 33; 14 Ill. App. 531.

*F. T. Vaughan* and *Palmer Danaher,* for appellee.

Appellee's anxiety, as the proof shows, was due, not to her husband's absence, but to her failure to receive an answer to her message to him. Mental suffering is not the subject of direct proof. It is an inference to be drawn by the jury from the manner and causelessness of the wrong. 132 Am. St. Rep. 38; 85 Ark. 267-8. A recovery can be had for negligent failure to deliver a message which would have relieved mental suffering. 83 Ark. 39.

2. The nature of the message from appellee to her husband was sufficient to put appellant on notice that delay in delivering the answer would cause mental suffering. 87 Ark. 303; 85 Ark. 263; 104 Am. St. Rep. 828.

FRAUENTHAL, J. This was an action instituted by the appellee to recover damages for mental anguish which she alleged she sustained by reason of the negligent failure of appellant to promptly transmit and deliver a telegram to her. The appellee and her husband resided in the city of Little Rock, Arkansas. On the day the telegram involved in this case was given to appellant for transmission and delivery, her husband, who was a traveling salesman, was in the State of Mississippi in the necessary prosecution of his business. On July 21, 1909, appellee gave birth to a child, and about 7 o'clock A. M. of that day she

delivered to appellant at Little Rock a telegram for transmission and delivery to her husband at McCombs, Miss., which read as follows: "Baby girl born last night. Come immediately. Answer." This message was forwarded, and was delivered to her husband at 7:45 P. M. of the same day at Brookhaven, Miss., where he was found by appellant. After reading the telegram in appellant's office, the husband immediately delivered to appellant's agent at Brookhaven, Miss., the following telegram for transmission and delivery to appellee at Little Rock: "Message just received. Starting immediately. Congratulations." The telegram was transmitted from Brookhaven, and was received at appellant's office at Little Rock about 8 o'clock P. M. of the same day; but the testimony tended to prove that appellant negligently failed to deliver the telegram to plaintiff until the following day at about 9:30 o'clock A. M. After sending said telegram, her husband at once left for Little Rock, where he arrived on the same day that the telegram was received, and at about 2 o'clock P. M. of that day. The testimony on the part of appellee tended to prove that appellee was very ill, and that she suffered mental distress during her confinement prior to the birth of the child and for some days following. She was anxious to hear from her husband, and after sending to him the above telegram she was in suspense because she did not hear from him. During the day she communicated several times with the appellant's office at Little Rock, and desired to learn whether a message had been received from him. She became apprehensive because no message had been received from him, and worried because she feared something might have happened to her husband. She testified that she became nervous and excited because she did not hear from her husband, and that this increased her fever, and that her suspense lasted until her husband arrived. She testified: "I didn't know whether something had happened to him or what was the matter. I knew he ought to have been at that place. Naturally I was very anxious." She stated that because she did not hear from her husband she suffered both mentally and physically; and the attending physician stated that the fact that she did not hear from her husband acted as a shock upon her nervous system.

Upon the trial of the case the jury returned a verdict in favor of appellee for $750, and appellant duly prosecuted an appeal to this court from the judgment entered thereon.

We think that this case is ruled by the case of *Western Union Tel. Co.* v. *Oastler*, 90 Ark. 268. The facts of that case were these: A husband, who was on a business trip in the State of Texas, sent to his wife a telegram on July 24, 1908, informing her that he would be home on July 26, 1908, and through the negligence of the telegraph company the message that was delivered to her read that her husband would be home July 24. Her husband did not return to his home until July 26, and the testimony tended to prove that the wife became apprehensive for his safety because he did not come on July 24. She testified that she suffered mental distress, and was almost frantic at his continued absence. In that case this court said: "According to her own testimony, plaintiff's mental anguish was caused by imaginary situations. She imagined her husband was sick without any information to that effect." In that case it was held that the plaintiff was not entitled to recover damages on account of mental anguish.

In the case of *Western Union Tel. Co.* v. *Archie*, 92 Ark. 59, it is said: "In order to recover damages under the mental anguish doctrine it is necessary that the mental anguish suffered be real, and not merely the result of a too sensitive mind or morbid imagination." In that case it was also said that the plaintiff "only suffered anxiety from an imaginary situation," and that she was not entitled to recover damages for mental anguish. In the case of *Western Union Tel. Co.* v. *Shenep*, 83 Ark. 476, it is held that "mental suffering over suppositious or imaginary conditions is not a recoverable element."

It will thus be seen that the mental anguish for which a recovery can be had must not consist simply of annoyance or disappointment or a suffering of the mind growing out of some imaginary situation, but it must be some actual distress of mind flowing "from the real ills, sorrows and griefs of life." In the case at bar the appellee suffered mental distress, not because her husband was actually ill or in any danger, but she suffered only as a result of an unfounded apprehension. There was no real sorrow or grief that came to her through any real condition or

action of her husband. The thought of danger to her husband, or the idea that he was not sufficiently considerate of her, sprang solely from her overwrought imagination. For he was perfectly safe and affectionate, and immediately went to appellee. The failure to promptly deliver the message to her did not delay the husband's arrival one moment. The appellee did not suffer any mental distress which flowed from some actual sorrow or grief, and the delivery of the message, therefore, could not have relieved that character of mental anguish. In the case of *Western Union Tel. Co. v. Hollingsworth*, 83 Ark. 39, it was held that there may be recovery against a telegraph company for negligent failure to deliver a telegram which would have relieved mental anguish or suffering. But in that case the plaintiff suffered mental distress which was caused by the real condition of his brother, who was dangerously ill and was known to the plaintiff to be ill, and the receipt of the message would have relieved that distress. In the case at bar the husband of appellee was not sick, and was in no danger. The appellee could not therefore have suffered a mental distress which sprung from the real condition of her husband. Her entire mental suffering was due to "imaginary situations."

The appellee was therefore not entitled to recover damages on account of mental anguish.

The judgment is reversed, and cause dismissed.