WESTERN UNION TELEGRAPH COMPANY *v.* GARLINGTON.

Opinion delivered January 8, 1912.

1. TELEGRAPH COMPANY—NONDELIVERY OF MESSAGE—MENTAL ANGUISH. —Where, by the nondelivery of a message, a mother was deprived of the consolation of the presence of her eldest son at the funeral of another son, she will be entitled to recover damages on account of her mental anguish caused thereby.   (Page 489.)

2. SAME—NONDELIVERY OF MESSAGE—NOTICE OF DAMAGES.—A telegram advising the sendee of his brother's death and of the date of the funeral was sufficient to charge the telegraph company with notice of any damages that might be reasonably expected to result from its negligence in failing to deliver the message.   (Page 492.)

3. SAME—DAMAGES—WHEN EXCESSIVE—REMITTITUR.—Where a mother, suing for damages for mental anguish caused by the failure of a telegraph company to deliver a message to her son apprising him of another son's death, by her testimony showed that much of her anxiety was due to her fears that something serious had prevented the sendee from attending the funeral, and the jury awarded her $500 as damages, the judgment is excessive, and will be reversed unless she remits $400. (Page 492.)

Appeal from Poinsett Circuit Court; *Frank Smith*, Judge; affirmed on remittitur.

STATEMENT BY THE COURT.

The appellee lived at Altoona, Ala., and had a son, Dr. H. S. Garlington, who lived at Marked Tree, Ark., and another son, Dr. Joe Garlington, who lived at Crawfordsville, Ark. For some time prior to his death Dr. Joe Garlington had been afflicted with consumption, and in December, 1910, realizing that he could not live long, had returned to Altoona, his old home, to spend his last days.   He died January 12, 1911, and on that morning the plaintiff dispatched a message to her son, Dr. H. S. Garlington, at Marked Tree, Ark., reading:   "Joe died this A. M., 3:15; bury tomorrow, 2:30."   The telegram was received by the appellant's agent at Marked Tree during the afternoon of January 12, but was not delivered in time for

the addressee to take the train that afternoon to Altoona. Had it been delivered promptly, he would have reached Altoona in time to have been present at his brother's funeral.

Appellee testified that it would have been a source of consolation to her if her son could have been with her at the funeral and for a few days thereafter. She suffered greatly because her son was not at the funeral; she fully expected him to be with her, and says that she knew something serious had prevented it.

The appellant delayed five days before delivering the message. Had the addressee, Dr. H. S. Garlington, telegraphed the appellee to postpone the funeral, she would have done so. Appellee did not hear from her son, Dr. H. S. Garlington, after the death of her other son until she received a letter from him. The two brothers were intimate and affectionate. Dr. H. S. Garlington would have attended the funeral, had he received the message. The above are substantially the facts upon which appellee based her suit for damages.

The only defenses are: First, that a mother does not suffer mental anguish, under the statute, by being deprived of the consolation of a son at the funeral of another son and his companionship for a few days thereafter. Second, that the appellant did not have notice of special circumstances causing appellee to suffer mental anguish because she was deprived of the consolation of her son's presence.

*Geo. H. Fearons, Mathes & Mardis* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1. Appellee's claim that she was deprived of the consolation of the presence of her son at the funeral and a few days thereafter is not sufficient to support an independent award of damages. Nor is this element, coupled with the element of mental suffering because she knew something serious had prevented the coming of her son to the funeral, sufficient to support an award of damages. 5 H. & N. 536; 83 Ark. 476, 481; 90 Ark. 268; 92 Ark. 59; 82 Ark. 117, 128; 73 S. W. 1043; 58 S. W. 204; 41 S. W. 469; 99 S. W. 704; 100 S. W. 974; 85 S. W. 1171; 32 N. E. 871; 98 Ark. 347.

2. The verdict is excessive. 90 Ark. 57.

*Appellee, pro se.*

1. The mental suffering which resulted to appellee by being deprived of the presence and consolation of her eldest son at the funeral of another son and a few days thereafter is an element of damages clearly in contemplation of the statute. Kirby's Digest, § 7947; 80 Ark. 554; Jones on Tel. & Tel. Companies, 519, § 543; 132 Am. St. Rep. 38; 32 So. 749; 158 Ala. 563; 132 Am. St. Rep. 46.

2. The verdict is not excessive.    82 Ark. 526.

WOOD, J., (after stating the facts).    1.    In the case of *Western Union Telegraph Co.* v. *Griffin*, 92 Ark. 219, the wife of Griffin was the daughter of A. A. Gordon, who lived at Banner, Miss. Griffin lived at Conway, Arkansas. Griffin's wife died, and he sent to her father (his father-in-law) at Banner, Miss., the following telegram: "Genie died very suddenly at 1 P. M. today. Come at once. Answer, my expense."

The telegram was not delivered. Gordon, for that reason, did not attend the funeral, and Griffin sued the Telegraph Company, alleging that on account of the failure to deliver the message the addressee did not attend the funeral, and was not with the plaintiff before and at the time of the funeral, which caused him great mental anguish, etc., and in consequence of which he suffered damages in the sum of $1,500. The jury awarded Griffin damages in the sum of $200, and this court affirmed the judgment. It was contended by appellant in that case that Griffin could not recover for mental anguish because his father-in-law was not present at the funeral to console him; that such damages would be too remote and speculative. The court, in affirming the judgment, necessarily overruled that contention.

The principle upon which such damages are recoverable was not announced in that case, but the attention of the court was specially directed to the contention of appellant that mental anguish because of the failure of a father-in-law to be present at a funeral to give consolation to his son-in-law was not an element of damages under our statute, and the court in that case expressly recognized such damages as an element of recovery. That case rules this.

There is much stronger reason, it seems to us, why the mother would suffer mental anguish on account of being de-

prived of the consolation that the presence of her eldest son could afford her at the funeral of his brother than in the case of the consolation that a father-in-law might afford his son-in-law by being present at and immediately after the funeral of the latter's wife. For in the former case the relation is by blood, and is the most tender and affectionate that could be conceived, that of mother and child, while in the latter the relationship is only by affinity, and the bond of affection is not so strong.

In the case of *Western Union Tel. Co.* v. *McMullen,* 98 Ark. 347, a mother was away from her daughter; the daughter's child was killed, and a telegram was sent to the grandmother of the child telling her of it, but it failed to reach her in time to attend the funeral of the child. Suit was brought by the grandmother for mental anguish on this account. In submitting that question to the jury, the court also submitted along with it the question as to whether or not it was an element of damages for the mother to be deprived of the opportunity of affording comfort to her daughter in the hour of her grief. The court, in passing upon whether or not this was error, said: "It is impossible to define everything that should be regarded as mental anguish or suffering. Of course, there can be no recovery for imaginary situations or conditions of anxiety caused thereby, but a recovery will be allowed for the mental suffering which the failure to deliver a telegram may reasonably be expected to produce to an ordinary human being, and under all the facts and circumstances of this case the court properly submitted to the jury the question of what mental anguish, if any, resulted to the appellee from the alleged negligence of appellant in not delivering the message."

The court seemed to recognize in the above case that mental anguish may result on account of being deprived of the consolation which the presence of a near relative may afford in an hour of grief caused by the death of another near relative. That suit, however, was by the sendee of the telegram, and there were other elements of recoverable damages, and what we said above could not be considered as authority for holding that the consolation of which one is deprived by the absence of a loved one in an hour of sorrow is an independent cause for damages under the statute. The case goes no further than to hold that where there are other elements that would support an award of

damages for mental anguish the opportunity to afford consolation might be considered by the jury in connection with other circumstances.   This is upon the principle announced in *Western Union Tel. Co.* v. *Stratemeier*, 32 N. E. 871, where it is said: "It may be proper for the jury to be advised of the situation and surroundings of the plaintiff, so far as they may tend to aggravate or lessen the sorrow or disappointment resulting from the wrong complained of, but it is not proper to consider as a substantive element of damages any mental distress arising out of sympathy with the sorrow of others."

According to the decision in the Griffin case, *supra*, mental anguish may fairly be contemplated as the natural and proximate result of a failure on the part of the appellant to deliver the telegram to appellee promptly, as its contract required.

That an aged and widowed mother who had only two sons, one of whom had died, would suffer mental anguish by reason of being deprived of the consolation which the presence of the other and eldest son could afford her at the funeral and for a short time thereafter, might reasonably be anticipated by the appellant as one of the natural and proximate results of its negligent failure to deliver a telegram which would have brought the absent son to the side of his mother in the hour of her deep sorrow.

The above, however, is quite as far as we should go in applying the doctrine of a recovery for mental anguish under the statute.

As was said by Pollock, J. in *Allsop* v. *Allsop*, 5 H. & N. 536: "We ought to be careful not to introduce a new element of damages, recalling to what a large class of actions it would apply and what a dangerous use might be made of it."   A recovery of damages for being deprived of consolation should be allowed only to one who is in need of it, and who is entitled to receive it, and in no case should such a one be allowed to recover unless the one who is expected to afford consolation is related by the closest ties of blood or affinity, and holds such a tender and sacred relation to the living and the dead as to be able to give the needed consolation.

In the case of *Western Union Tel. Co.* v. *McKenzie*, 96 Ark. 218, we said; "It will thus be seen that the mental anguish for which a recovery can be had must not consist simply

of annoyance or disappointment, or a suffering of the mind growing out of some imaginary situation, but it must be some actual distress of mind flowing from the real ills, sorrows and griefs of life."

This court has often announced that there could be no recovery under the statute for mental anguish caused by supposititious or imaginary conditions. See *Western Union Tel. Co.* v. *Shenep*, 83 Ark. 476; *Western Union Tel. Co.* v. *Oastler*, 90 Ark. 268; *Western Union Tel. Co.* v. *Archie*, 92 Ark. 59.

But, according to the decision of this court in *Western Union Tel. Co.* v. *Griffin, supra*, the mental suffering of a mother who has been deprived of the consolation of the presence of her eldest son at the funeral of another son, and for a short while thereafter, is not of a supposititious character, but is one of the real griefs of life.

II.    On the question of notice, we are of the opinion that the telegram itself was sufficient on its face to charge the appellant with notice of any damages that might be reasonably expected to result from its negligence in failing to deliver it.

In *Western Union Tel. Co.* v. *Toms*, 99 Ark. 117, this court, quoting from *Western Union Tel. Co.* v. *Moxley*, 80 Ark. 554, held: "That where a message on its face gives notice of a state of facts, as of physical injury, illness or death, from which the company may fairly infer that mental anguish will result to the sender or addressee from delay in its transmission or delivery, then the company will be liable for negligent delay. Special notice that the relationship between the parties is such that delay will cause mental anguish is unnecessary."

And in *Western Union Tel. Co.* v. *Shofner*, 87 Ark. 303, we held that where a message on its face relates to sickness or death, it is sufficient to charge the telegraph company with notice of damages that might result from negligence in handling it.

III.    The appellee testified that she suffered greatly because her son was not at the funeral, for she says, "I fully expected him to be with me, and I knew something serious had prevented him." This testimony, we think, shows that much of the mental anguish of the mother was because of anxiety for her absent son. It discloses that she thought "something serious had prevented him." Evidently the "something serious"

in her mind was that something of a serious nature had happened to him that prevented him from attending the funeral, whereas nothing whatever of a serious nature had happened to Dr. H. S. Garlington, and her fears were as to conditions that were wholly imaginary and fall within the rule of the cases above mentioned that do not allow recovery of damages for such conditions.

We are of the opinion therefore that the judgment ror $500 is excessive, and that the sum of $100 would be ample compensation for the mental anxiety she endured because of the absence of the consolation which the presence of her living son would have afforded her in the trying hour of her sorrow.  If the appellee will remit the sum of $400 within the next ten days, the judgment will be affirmed; otherwise it must be reversed and remanded for a new trial.