## WESTERN UNION TELEGRAPH COMPANY *v.* EVANS.

### Opinion delivered April 14, 1913.

1. TELEGRAPH COMPANIES—DUTY TO DELIVER MESSAGE TO ADDRESSEE.— Where the sender of a message erroneously addresses it to Hot Springs, having meant to address it to Little Rock, Ark. the telegraph company is under no liability for failure to deliver when it discovers that there is no person by the name of addressee in Hot Springs; but if upon receipt of the message at Hot Springs, the telegraph company undertakes to deliver the message to the addressee at Little Rock, it may become liable for negligence in failing to deliver the message promptly. (Page 44.)

2. TELEGRAPH COMPANIES—DELIVERY OF MESSAGE TO WIFE OF ADDRESSEE. —The delivery of a telegraph message to the wife of the addressee at addressee's home, constitutes a delivery to the addressee. (Page 45.)

3. TELEGRAPH COMPANIES—FAILURE TO DELIVER MESSAGE PROMPTLY— GROSS NEGLIGENCE.—The failure of a telegraph company to deliver a message apprising addressee of the death of his mother, until four hours after receipt of same, when addressee had notified the company that he expected such a message, and had given the company his street address, amounts to gross negligence. (Page 45.)

4. TELEGRAPH COMPANIES—FAILURE TO DELIVER MESSAGE PROMPTLY—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.—Where a telegraph company negligently fails to deliver a message to addressee until four hours after it receives the same, and the message apprised him of the death of his mother, in an action by the addressee against the telegraph company for damages on the ground that he received the message too late to take a train and attend the funeral, it can not be said as a matter of law that the plaintiff was guilty of contributory negligence in not attempting to catch the train, but such question is one for the jury. (Page 46.)

5. REMITTITUR—EXCESSIVE VERDICT.—In an action against a telegraph company for damages for failure to deliver promptly to plaintiff a telegram notifying him of the death of his mother, when plaintiff's claim for damages is based on the ground that he was prevented by the delay from attending the funeral, and it appears that plaintiff's mother was buried in a distant town in a State other than that in which she died, and even had plaintiff attended the funeral he would not have had the consolation of relatives and friends, a verdict of $3,000 is grossly excessive, and the judgment will be reversed unless a remittitur is entered reducing the judgment to $500. (Page 46.)

Appeal from Prairie Circuit Court, Southern District; *Eugene Lankford,* Judge; affirmed on remittitur.

STATEMENT BY THE COURT.

This is an action for damages for mental anguish alleged to have been suffered by appellee on account of the negligence of appellant company in failing to deliver a telegram, advising him of the death of his mother, in time for him to attend the funeral.

His mother, whose death was not unexpected, died in a sanitarium in Kansas City, and, on August 19, 1912, his brother sent him the following telegram:

"Kansas City, Missouri, August 19, 1912.
"Grover Evans, 1012 Gaines St., Hot Springs, Arkansas:

"Mother dead. Will bury at Lawton. Meet or notify us there.

"Bert Evans." 9:12 a. m.

A message of like kind was also delivered to the operator at Kansas City, at the same time addressed to his brother-in-law, Ward, at Hot Springs, Arkansas. This message was sent as a night message and received

at Hot Springs at 7:51 A. M., August 20, and upon the company's attempt to deliver it, the discovery was made that there was no such number on Gaines street in Hot Springs, and that Grover Evans did not live there; the operator, however, remembering the receipt of the other telegram to Ward, called him up on the phone and was informed that Grover Evans lived at Little Rock, at the street address given, and directed the operator to forward the message, which he did and notified the Kansas City office that he had done so. The message reached the Little Rock office about 9 o'clock on the morning of the 20th, was given to a messenger boy for delivery at 11:20, and was delivered at the house of appellee, about sixteen blocks distant from the telegraph office, to his wife, at 1:10 P. M., on the same day.

Appellant testified that he was the youngest child of his mother and that there was a close and tender affection existing between them, she seeming to think more of him than she did of the other children. That he had, with his wife, gone to visit her in Kansas City, in April preceding her death and remained with her four or five weeks. That he knew when he left that he would not see her alive again, she being sick with a fatal malady, but he expected to attend her funeral. Upon returning to Little Rock, he notified appellant company of his address and that he expected a death message, so that it might be delivered to him without delay. He had inquired once or twice at the office, if the message had been received and asked again if his address had been written down and was shown that it had been. He had also kept the return part of a ticket from Little Rock to Lawton, Oklahoma, expecting to attend the funeral there when his mother's death occurred. He had $9.87 in the German Bank and the plumbing company, for which he was at work owed him about $5.00, and would have advanced him some money. He said he would have gone to the funeral if the telegram had been delivered in time; would have departed over the Rock Island on the 3:40 train that afternoon and reached

Lawton the next day at 11:37 A. M. He stated further that he was at home on the day the telegram was received until after 12 o'clock noon, that he went down to the plumbing shop where he was employed and went out to do some work in the 1100 or 1200 block, on Scott street, being directed to the place by the man in charge of the office. That when he returned to the office from this work he was told that his wife had called him on the phone and asked to be called up and he called her and was informed of the contents of the telegram announcing the death of his mother, and concluded it was too late to get off to the funeral. He had his working clothes on and would have had to go home and change his clothing and get his ticket and then stop at the bank and get what money he had there and then reach the Rock Island depot in time for the train, which he did not believe could be done within the forty minutes, although he did not consider taking a taxicab, as he had not been accustomed to their use and was not able to ride in them. He called up the station, however, learned that the train left at 3:40, that the next train out to Oklahoma was at 4:50 the next morning, which did not connect with the train going to Lawton and nothing would be gained by taking it instead of the 3:40 train the next day to reach the place of burial.

He sent two or three telegrams to persons in Kansas City, asking whether and when they had started with the corpse to Lawton, and also wired his brother at Lawton, asking him when the funeral would occur. He started to take the 3:40 P. M. train on the 21st, but before getting on was given a telegram answering his message from his brother at Lawton, Oklahoma, in charge of the remains, advising that the funeral would take place at 4 o'clock that afternoon and he did not take the train. He said further that his wife was authorized to receive the telegram and it was not disputed that it was delivered to her at 1:10 P. M. on the 20th. She called up the office of the company for which he was working over the telephone and asked for him and,

being told that he was not in, left directions that he call her immediately upon his return. No further effort to reach him seemed to have been made.

The court instructed the jury, which returned a verdict against the telegraph company for three thousand dollars, and from the judgment thereon it appealed.

*Geo. H. Fearons, Trimble & Trimble* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1. The court should have instructed a verdict for defendant. The mistake was not that of the company. No duty devolved on appellee to deliver the message in Little Rock. 89 Ark. 402; 98 *Id.* 90. Its effort was voluntary. 86 Minn. 44; 90 N. W. 1; 63 S. W. 156.

2. It was the duty of plaintiff to exercise diligence to avoid damages, and a failure to do so was the result of his own indisposition or lack of ordinary diligence on his part. 29 A. L. R. 437; 84 Ark. 506. No cause of action was shown. 90 Ark. 203.

3. Negligence of the sender in giving a wrong address is chargeable to him, and to the addressee. 60 S. W. 687; 62 *Id.* 138; 92 Ga. 607; 32 Tex. Civ. App. 74; 74 S. W. 942; 98 Ind. 556.

4. The verdict is excessive. 84 Ark. 457; 90 *Id.* 57.

*Manning & Emerson,* for appellee.

1. It was the duty of appellant to use reasonable effort to promptly deliver the message. 95 Ark. 214; 97 *Id.* 198. Whether guilty of negligence or not was a question for the jury. 97 Ark. 198; 98 *Id.* 87-91; 153 S. W. 87; Jones on Tel., § 481.

2. It undertook to forward the telegram to Little Rock and is liable. 42 Ark. 41; 98 *Id.* 87-91; 75 S. E. 795.

3. A mistake in the address is no excuse for negligence, if the negligence is the proximate cause of an injury. 152 S. W. 190; 82 Ark. 117; 95 *Id.* 214; 18 S. E. 980.

4. No contributory negligence is shown. 84 Ark. 501; 90 *Id.* 203; 60 S. W. 876; 62 *Id.* 136; 74 *Id.* 942; 89 Ark. 375.

5. The verdict is not excessive. 151 S. W. 904; 98 Ark. 89; 99 *Id.* 117. But if excessive, the error can be cured by remittitur. 54 So. 844; 142 S. W. 854; 23 S. W. 998; 25 *Id.* 772; 29 *Id.* 66; 26 *Id.* 448; 73 *Id.* 79; 76 *Id.* 613; 100 *Id.* 354; 116 Pa. 925; 121 S. W. 893.

KIRBY, J., (after stating the facts). Appellant contends that the court erred in not directing a verdict in its favor and that the damages recovered are excessive.

The telegraph company was under no obligation to do anything further, after it sent the message, in accordance with its contract, to its agent at Hot Springs and discovered that there was no such person as the addressee living there and would have incurred no liability if it had stopped its efforts and failed to deliver the telegram, but, having undertaken to deliver it to the addressee at Little Rock, upon the direction of his brother-in-law at Hot Springs, at the usual additional charge for forwarding, it became liable for negligence in failing to deliver it promptly. No reason is shown for failure to deliver this telegram for four hours after its receipt at Little Rock at the office of appellant, and, unquestionably, if it had reached the home of appellee before noon, or before his leaving after noon, for his place of work, it would have been received in ample time for him to have reached the place of burial of his mother on the morning of the day she was to be buried in the afternoon. Neither will it be questioned, that a delivery of the telegram to his wife, at his residence, the place to which it was addressed at 1:10 o'clock was a delivery of the message and he, himself, testified that his wife was authorized to receive it. *W. U. Tel. Co.* v. *Trissal,* 98 Ind. 566.

Appellee's wife did not testify in the case on account of her condition, expecting shortly to be confined, and if she made any further effort to notify her husband of the arrival of the message than to call for him over the

phone at the office of the plumbing company for which he was at work and leave directions for him to call her immediately upon his return, it is not shown.

The telegraph company was grossly negligent in failing for four hours to deliver this telegram to the addressee, within sixteen blocks of its office, who had advised it beforehand that he expected a death message and had its agents to write down his address that there might be no unnecessary delay in the delivery thereof. The message on its face, apprised the company of the relationship existing between the parties and that damage might result from the delay in its delivery.

It was through no fault of appellee that the message did not reach him sooner and the question of whether he was chargeable with such contributory negligence as would bar his recovery after the message was in his absence delivered at his home to his wife at 1:10 P. M. in not being able to reach and take the 3:40 train thereafter, was a question for the jury.

Of course, he might have had ample time to have done so if, upon the phone call of his wife for him at the plumbing office, after the delivery of the telegram to her, a messenger had been sent to the place he was at work to notify him of the contents of the telegram and it may be that the wife was negligent in not notifying the man in charge of the plumbing office, under whose direction he was at work, of the contents of the message, and requesting him to send a messenger for her husband, instead of leaving directions upon not finding him in that he call her upon the phone immediately upon his return. Such procedure might have resulted in the receipt of the information by appellee in time for him to have taken the train and attended the funeral of his mother, but it might not have been practicable for the plumbing office to send a messenger for appelee and it might have refused to do so, and we can not say, as a matter of law, that this was such negligence, chargeable to him as would bar his recovery. Neither will this court say, as a matter of law, that appellee was guilty of such

negligence after receiving information of the receipt of the telegram upon his return to the plumbing office, forty minutes before the departure of the train in not reaching the station in time to take the train and arrive at the funeral, under the circumstances of this case. He was a poor man, accustomed to traveling upon the street cars, and concluded, knowing the schedule of the street cars as he did, that he would not have time to reach home, change his clothes, get his ticket, stop at the bank and draw his money therefrom and reach the depot in time. It, of course, could have been done, if he had resorted to the use of an automobile or taxicab, but he was not accustomed to this method of rapid transit, and this court can not say, as a matter of law, that he was negligent in failing to employ it under the circumstances and in the emergency and under the shock of the realization of the death of his mother, which, although expected, was necessarily a shock; it was properly a question for the jury under all the circumstances, as to whether or not he was guilty of such negligence in failing to reach the train after he received the information of the contents of the message in time for arrival at the place of his mother's funeral before the interment and the jury have decided the question in his favor, upon instructions which we do not find erroneous.

The court, however, is of the opinion that the verdict is grossly excessive. The burial was not to take place at the home of the man's dead mother among his relatives and the family friends, but in a distant town in another State away from the place of death, where the body was taken for burial and little opportunity could be afforded for consolation by being with the members of the family and friends. *W. U. Tel. Co.* v. *Garlington,* 101 Ark. 487, 142 S. W. 854.

If a remittitur is entered within fifteen days, reducing the judgment to $500, it will be affirmed; otherwise, it is reversed and the cause remanded for a new trial.