WESTERN UNION TELEGRAPH CO. v. SHERLIN. (No. 1549.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 13, 1916.)

TELEGRAPHS AND TELEPHONES ☞68(2)—ACTIONS FOR DAMAGES—MENTAL SUFFERING.

On October 9th the plaintiff left his train at Chattanooga, Tenn., because he could not buy a ticket required for his daughter, a child of 12. Early the next morning he filed a message to his father-in-law in Texas requesting money, which was written and accepted by the defendant's agent. In the afternoon he inquired for an answer, for the first time revealing his circumstances to the defendant's agent. At that time the message had not been sent. On October 12th, to avoid sacrificing the tickets for the rest of his family, plaintiff was obliged to leave for Texas without an answer, and to leave his child with a relative. The child received good treatment, and afterwards came safely to Texas alone. Plaintiff claims specific damages because of mental suffering. Held, as a matter of law, that the situation shown in evidence was not productive of such mental suffering proximately caused by negligence of the defendant as would entitle the plaintiff to judgment.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 69; Dec. Dig. ☞ 68(2).]

Levy, J., dissenting.

Appeal from Fannin County Court; S. F. Leslie, Judge.

Action by Hugh Sherlin against the Western Union Telegraph Company. From a verdict for plaintiff, the defendant appeals. Reversed, and judgment rendered.

The action is by appellee for damages, founded upon mental anguish, for the negligent failure, as alleged, to transmit and deliver the following telegram:

"Chattanooga, Tennessee. October 10, 1913. J. T. Haney, H. M. Bonham, Texas. Wire me $10.15 for half ticket and $5.00 expense money. [Signed] Hugh Sherlin."

There was a trial before the court, and judgment for appellee.

The evidence shows that on October 9, 1913, the appellee was on his way from the state of Tennessee to Bonham, Tex., and when in the vicinity of Chattanooga he ascertained that the railroad company over whose line he was traveling would require a ticket for one of his children, a daughter about 12 years old. Appellee did not have the money with which to pay for the ticket of his child, and he and his family got off the train at Chattanooga and went to the home of his wife's uncle, who resided there. The uncle, as appears by inference, was not able to advance the money required for the ticket, and on the next morning at 7:45 o'clock appellee filed the above message, which was accepted by appellant. The appellee could not write, and at his request the agent wrote the message for him. The appellee did not, according to the evidence, inform the agent at Chattanooga at the time of filing the message of the circumstances surrounding him, but at 4 o'clock p. m. of the same day did give the agent at Chattanooga notice as follows:

"That I was in trouble and would have to leave one of my children if I didn't get the money; that I had no money and did not want to leave her there, and that it would grieve me if I did; that I didn't know what would happen to her, and that she would have to come to Texas by herself; that J. T. Haney was my father-in-law, and would send the money called for in the message."

At the time of this notice at 4 o'clock it does not affirmatively appear as a fact that the agent at Chattanooga had transmitted the telegram to Bonham. The record requires this court to support the finding of the trial court, as comprehended in the judgment, that the agent at Chattanooga at the time of the notice above had not forwarded the telegram, and that it was yet in his possession for the purpose of forwarding. Two hours, it was shown, was a reasonable time for a message to come from Chattanooga to Bonham. The evidence sufficiently supports a finding of fact here made of a negligent failure to transmit and deliver, as alleged, the telegram to the consignee, who was accessible to the delivering office at Bonham. The railway tickets of appellee and his family were not valid after the 12th day of October, and for this reason they were compelled to

pursue the journey without further delay in Chattanooga. The child, Cora, was left in Chattanooga at her granduncle's home, and was well treated while there. Subsequently, in about a week, J. T. Haney telegraphed the money to Chattanooga, and the child Cora came alone to Bonham, reaching there safely and well. Appellee testified:

"On account of not getting the money asked for in the message, I left my daughter Cora with Mr. Coleman at Chattanooga. Because of leaving her I was very much grieved, and suffered so much that I was unable to sleep or eat on the trip to Texas, and was uneasy about her, because I knew she would have to come to Texas alone. I brought all of my family with me except my daughter Cora. I had bad feeling on account of having to leave her to come alone, and was all tore up over it. * * * I left my daughter and came on because I did not want to lose my tickets. I could have stayed with her by sacrificing the tickets. Coleman and his family treated Cora kindly, and she was well cared for, and I did not fear that my daughter would be mistreated while with him. My daughter reached Bonham safely, and was well when she arrived in Bonham, and nothing happened to her in any way. * * * I suffered more on account of having to be separated from my child than anything else."

Hamp P. Abney, of Sherman, and Rosser Thomas, of Bonham, for appellant. Cunningham & McMahon and L. C. Fuller, all of Bonham, for appellee.

LEVY, J. (after stating the facts as above). By appellant's third assignment of error it is contended that, since the proof shows no notice of the circumstances surrounding appellee was given to the agent at Chattanooga at the time the message was filed with him, it was error for the court to render judgment for appellee for the special damages, which was mental anguish. The evidence, construed in the light of the direct and cross-examination of appellee, conclusively shows, it is concluded, that the only notice given by appellee to the agent at Chattanooga respecting special damages was subsequent to the filing of the message at 7:45 o'clock a. m., and such notice was given on the occasion of his second visit to the telegraph office at 4 o'clock in the afternoon, when he inquired of the agent concerning an answer to the telegram. But, according to the evidence in the record, this court is not warranted in concluding, it is believed, that when the notice was given to the forwarding agent at 4 o'clock such agent had performed his duty of transmitting the message, and did not have it in his possession unforwarded. The inference is permissible from the evidence that the forwarding agent had not at the time of the notice transmitted the message, and, as the trial court could have so inferred, this court must, in support of his judgment, so conclude. The forwarding agent does not testify respecting the transmission of the telegram. The receiving agent says: "I recall distinctly about receipt of the message in question, but do not recall now the time of its receipt," and does not otherwise fix the time or day when he received it. And the effect of the evidence of Mr. Haney is that at one time the receiving agent told him there was no message in the office, and later admitted to him "that it was there when I called, and he didn't know why he did not give it to me." Mr. Haney, it appeared, called at the office on the 9th, 10th, and 11th of October, and on which day the telegram was at such office is not disclosed. In view of the facts, therefore, of this case, it is believed that notice to the agent before he had actually forwarded the telegram was sufficient to predicate special damages. Until the telegram had been transmitted by the agent at Chattanooga and the contract in that respect performed, he had power to act for the appellant with reference to the very subject-matter to which the notice relates. It is not thought that this is opposed to the principle laid down in Railway Co. v. Belcher, 88 Tex. 549, 32 S. W. 518; Id., 89 Tex. 428, 35 S. W. 6. See Bourland v. Railway Co., 99 Tex. 407, 90 S. W. 483, 3 L. R. A. (N. S.) 1111, 122 Am. St. Rep. 647.

By proper assignment of error it is urged that under the facts pleaded and proven the appellee is not legally entitled to recover damages for mental anguish. The child, it appears, did not accompany her parents on the journey from Chattanooga to Texas, for lack of money on the part of her father to pay the railway fare. While at Chattanooga the child was well treated, and stayed at the home of her granduncle. Appellee, as he says, had no fears respecting his daughter while at her granduncle's. The child subsequently made the trip to Texas safely and was well when she arrived. The mental distress appellee suffered was on account of the fact that he was forced to separate himself from the child and leave her to later continue the journey to Texas by herself; she being young and inexperienced. The fact that the child later made the trip alone should not in the evidence, it is concluded, be held to be the direct and probable result of the failure to deliver the telegram, entitling appellee to recover. Knowing, as appellee did, that the child would have to take the trip alone, it was incumbent upon him to take all reasonable steps to prevent that fact and guard against any mental distress in that respect. And it affirmatively appearing, as it did, that appellee himself did not return nor send any one else to accompany the child, and there being an absence of any evidence excusing appellee from the failure to take such steps to prevent the child from traveling alone, his own conduct, and not the failure to deliver the telegram, would be the proximate cause producing the mental anxiety suffered on account of the child's traveling alone. It would so appear from the evidence of appellee, and therefore the burden was on him to show negligence proximately causing injury. And the mere fact, it is concluded, of mental agitation, in the

circumstances of the case, at being separated from the child and continuing the journey without her, does not afford a proper basis for recovery of the damages allowed. Telegraph Co. v. Chamberlain, 169 S. W. 370; Morrison v. Telegraph Co., 24 Tex. Civ. App. 347, 59 S. W. 1127. This necessitates the reversal of the judgment and here rendering judgment for appellant, with all costs of appeal and of the trial court.

The writer is not inclined to agree to the conclusion of the majority that the situation shown in the evidence is, as a matter of law, not productive of such mental suffering, proximately caused by negligence of appellant, as would entitle appellee to the judgment.

We have considered the other assignments of error, and believe they should be overruled.