MRS. M. B. RICKETTS v. WESTERN UNION
TELEGRAPH COMPANY.

No. 509.

**Telegraph Company—Damages—Mental Anguish.**—Negligent delay in delivering money which a mother sends by telegraph to her minor son will not render the telegraph company liable in damages for the mental distress and anxiety of the mother arising merely because of such delay.

APPEAL from Grayson.    Tried below before Hon. T. J. BROWN.

*E. C. McLean,* for appellant.—The mental distress suffered by the plaintiff was a matter in view of the parties at the time of the contract, and was an element of damage in this case.   Tel. Co. v. Simpson, 73 Texas, 422; Womack v. Tel. Co., 22 S. W. Rep., 417; Tel. Co. v. Simpson, 11 S. W. Rep., 385; Tel. Co. v. Proctor, 6 Texas Civ. App., 300.

*W. W. Wilkins,* for appellee.—Plaintiff's distress was imaginary, and constituted no cause of action.   McAllen v. Tel. Co., 70 Texas, 243; Rowell v. Tel. Co., 75 Texas, 26; Tel. Co. v. Smith, 76 Texas, 253.

LIGHTFOOT, ASSOCIATE JUSTICE.—The statement of the case is correctly made by appellant's counsel, and is adopted, as follows: Appellant, as plaintiff in the court below, instituted this suit against appellee for damages resulting from a failure to deliver money by telegraph as appellee had contracted to do, and for which a consideration had been paid.   The appellee, as defendant in the court below, filed general and special demurrers to the amended petition of plaintiff; the court sustained the general and special demurrers, plaintiff declined to amend, and her petition was dismissed.   Plaintiff appeals.

The allegations in the petition are as follows: "That plaintiff desiring to, and the needs of her son requiring that he have money with which to pay his expenses home to Sherman, Texas, and that said money be sent to him in the most expeditious manner possible, as said son was an inexperienced youth and was among strangers, he being at a hotel without means, that plaintiff did, on the 4th day of May, 1891, deliver and pay over to the defendant, in Sherman, Texas, the sum of $30, to be by the defendant delivered to her son, Eugene De Voegler, at No. 4 Fallkill Place, Poughkeepsie, New York, and also paid the defendant the further sum of $2.30, the fee demanded by defendant for so delivering said money, and in consideration of which sum of $2.30 the defendant then and there contracted with plaintiff to deliver said $30 (which plaintiff had paid defendant) to her son, the said Eugene De Voegler, at No. 4 Fallkill Place, Poughkeepsie, New York, as soon as same could be delivered by telegraph from said Sherman, Texas, to said Poughkeepsie, New York, which defendant informed plaintiff would be in two hours.

"That her said son was then at said No. 4 Fallkill Place, Poughkeepsie, New York; that at the time defendant entered into said contract with plaintiff to deliver said money as aforesaid, plaintiff informed defendant of the urgent necessity for said money being quickly sent; that the person she was sending said money to was her son, and that he was a young and inexperienced youth, and was at the expense of board, and that her son had written to her for money, which she had attempted to send to him by postoffice money order, and that by

some means unknown to plaintiff said money had not reached him, and that she had on that day received a letter from him in which he wrote to her that he had not received the money sent by mail, and that she was anxious to have said money rapidly transmitted to him immediately, and that she would be in great distress of mind unless said money was sent, and that she would not pay the large fee demanded by defendant for delivering said money except to save her from the distress of mind and mental anguish she would suffer from knowing that he would be without the money, in the situation he was then in, for even the length of time it would require to reach him by mail. That said money was received from plaintiff on the 4th day of May, 1891, and plaintiff believed that her said son had received said money immediately, as defendant had contracted to do, and that she was happy in so believing.

"Plaintiff says, that on said 4th day of May, 1891, when said contract was entered into between plaintiff and defendant, that defendant was fully informed and knew of the distress of mind and mental anguish plaintiff would suffer should there be any delay in paying over to her said son the said money contracted to be delivered to him by defendant, and that defendant contemplated the distress of mind and mental anguish that would result to plaintiff, and the damages that would be occasioned to her from any failure on the part of the defendant to carry out their said contract, the defendant being fully informed that it was only to save herself from the suffering, pain, and distress that she would suffer in not having the money immediately delivered to her said son that she was willing to pay such a large sum for transmitting the same, instead of waiting the slower process of delivering the said money by mail."

The general demurrer of the defendant was in the usual form, and the special demurrers sustained were as follows:

"2. The allegations in said petition as to mental distress and anxiety constitute no cause of action against defendant, and it appears from said allegations that there is no foundation for said mental suffering, and that if the plaintiff so suffered it was caused alone by plaintiff's excited imagination and creations of plaintiff's mind, that had no foundation in fact.

"3. It appears that the court has no jurisdiction of the subject matter of this suit."

The court did not err in sustaining the demurrers. If the appellant contracted with appellee to transmit a sum of money to her son, and the contract was violated on appellee's part by failing to transmit the same within a reasonable time, then appellee would be liable for such damages as might have been fairly within the reasonable contemplation of the parties at the time such contract was made.

But appellee could not foresee that appellant would indulge in grief, mortification, fear, apprehension, or other mental anguish, when no

real cause for the same existed.   It is true that plaintiff alleges that her son was an inexperienced youth, was without means at a hotel in Poughkeepsie, N. Y., had written to her for money, and she was anxious to have it transmitted to him.   It is not shown that he was in any danger, or that there was any real cause for mental suffering, humiliation, or even inconvenience.   The fact that a loving mother, in the dark hours of midnight, may conjure up a thousand forebodings of evil to her distant boy, when he is in no real danger even of losing a single hour's repose, may furnish trouble enough to her, yet it gives no solid basis for damages in a practical business transaction.   Rowell v. Tel. Co., 75 Texas, 26.   In this case Judge Gaines says:   "Some kind of unpleasant emotion in the mind of the injured party is probably the result of a breach of contract in most cases, but the cases are rare in which such emotion can be held an element of damages resulting from the breach.   For injury to the feelings in such cases the courts can not give redress.   Any other rule would result in intolerable litigation."   See also Tel. Co. v. Smith, 76 Texas, 253.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered March 13, 1895.