### J. D. HART v. WESTERN UNION TELEGRAPH COMPANY.

Decided January 16, 1909.

**1.—Telegraph—Damages—Mental Anguish.**

Apprehension or fear that something distressing will happen, as a result of delay in delivering a telegraphic message, which in act does not happen, can not be made the basis for recovery of damages therefor.

**2.—Same.**

For failure on the part of the telegraph company to promptly deliver a message of the plaintiff directing the remains of his wife to be sent home, causing delay in the arrival of the remains of a day, there could be no recovery for mental anguish suffered on account of his mistaken belief or apprehension that they would not be shipped at all but would have to be buried at the place of death.

Appeal from the District Court of Tyler County. Tried below before Hon. W. B. Powell.

*Joe W. Thomas* and *W. A. Johnson,* for appellant.—The court erred to the prejudice of the plaintiff in sustaining defendant's special exception number four, wherein defendant alleges that the pleadings of plaintiff are improper, irrelevant and immaterial and sets up no proper grounds or basis for his belief and reason, wherein plaintiff had alleged grief and suffering, by reason of the fact that he believed that the remains of his wife could never be shipped to Woodville after their failure to reach him on the train of October 6.

A party who fails to comply with the terms of a contract is liable in damages when the result or injuries could be reasonably contemplated by the parties to such contract from its terms, that is, if the injuries are the natural and usual results of such failure. If increased mental anguish was proximately caused by the negligent fail-

ure of the telegraph company to perform its contract, and such results could have been reasonably contemplated by the parties at the time, then the telegraph company would be liable. Western U. Tel. Co. v. Giffin, 65 S. W., 661; Gulf, C. & S. F. Tel. Co. v. Richardson, 79 Texas, 649; Western U. Tel. Co. v. Cavin, 70 S. W., 229; Western U. Tel. Co. v. Stephens, 21 S. W., 148; Western U. Tel. Co. v. Kendzora, 26 S. W., 245; Western U. Tel. Co. v. Broesche, 72 Texas, 654; Western U. Tel. Co. v. Cooper, 9 S. W., 599; Western U. Tel. Co. v. Ragland, 61 S. W., 421; Western U. Tel. Co. v. Edmondson, 91 Texas, 209; Western U. Tel. Co. v. Uvalde Natl. Bank, 72 S. W., 235; Western U. Tel. Co. v. DeJarles, 27 S. W., 792; Western U. Tel. Co. v. Carter, 21 S. W., 689; Western U. Tel. Co. v. Hollingsworth (Ark.), 11 L. R. A. (N. S.), 497.

*C. T. Duff, F. J. Duff* and *R. C. Duff,* for appellee

REESE, Associate Justice.—The wife of J. D. Hart had died in Austin, Texas. He sent a telegraphic message to Dr. B. M. Worsham directing him to ship the remains to Woodville, Tyler County, where he resided. It is alleged that there was delay, due to the negligence of the telegraph company, in the transmission of the message, by reason whereof the remains did not arrive in Woodville until October 7, twenty-four hours later than they would have arrived had the message been transmitted and delivered with reasonable promptness. J. D. Hart brings this suit against the Western Union Telegraph Company to recover damages for mental suffering on account of the delay in the arrival of his wife's remains. Plaintiff sued for $1000 actual and $500 exemplary damages. Upon trial without a jury the defendant had judgment and plaintiff appeals. There is no statement of facts nor conclusions of law or fact in the record.

The only questions presented by the assignments of error are based upon the action of the court in sustaining two special exceptions urged by defendant to the petition. After allegations of the sending of the message and the negligent delay in its delivery, in consequence of which the remains of appellant's wife did not arrive in Woodville until October 7, in response to a subsequent communication to Dr. Worsham by telephone, the petition alleges in substance that by the delay in the arrival of the body appellant was prevented from seeing the remains of his deceased wife while she looked natural and life-like and before putrefaction set in, which was her condition on October 7, when the remains arrived, by reason whereof he suffered great mental distress, pain and anguish; that when the remains failed to arrive on the train of the 6th of October, he believed that they could never be shipped, but would have to be buried in Austin, which greatly augmented his grief and mental anguish. Mental anguish by reason of the disappointment at the failure of the body to arrive on the 6th and the fact that he was not able to bury the corpse until it had become offensive on account of decomposition, it is alleged, caused appellant to experience great grief and mental distress.

Defendant specially excepted to so much of the petition as sets up the fact that plaintiff believed the remains of his wife could never

be shipped to Woodville after their failure to arrive on October 6, because said allegations are improper, irrelevant and immaterial. Defendant further specially excepted to so much of the petition as sets up that the delay of twenty-four hours in the shipment of his wife's remains caused him great disappointment, worry, grief, etc., because he believed when they failed to reach Woodville on October 6 it would be impossible for them to be shipped after such delay, and that she must be buried in Austin, and he would not see her again, because such allegations do not set up a proper element of damage and is too remote. Both of these special exceptions were sustained. The case then proceeded to trial upon the allegations of negligence and of other elements of damage claimed, and the court, trying the case without a jury, rendered a judgment for defendant.

The ruling of the court upon the two special exceptions is assigned as error. There is no doubt that if the allegations of negligence had been established, appellant would have been entitled to recover damages for mental anguish caused by the failure of the body to arrive on the 6th of October, if such failure was the proximate consequence of the negligent delay in the transmission and delivery of the message. This would have included such mental distress as was caused by the discolored and decomposed condition of the body when it arrived on the 7th, if such circumstances were due to the delay in delivery of the message. This is not disputed by appellee, and no exception was taken to those allegations of the petition which set up mental suffering on account of such circumstances.

But appellant was not entitled to recover, in addition thereto, for such mental anguish as he may have suffered on account of his mistaken belief or apprehension, upon failure of the remains to arrive on October 6, that they would not be shipped at all, but would have to be buried at Austin.

Apprehension or fear that something will happen, as a result of delay in delivering a telegraphic message, which in fact does not happen, can not be made the basis for recovery of damages therefor. The principle is analagous to that decided in Rowell v. Western U. Tel. Co. (75 Texas, 26). Many unpleasant consequences might have been conjectured by appellant as likely to happen upon the failure of his wife's remains to arrive when he expected them, and such conjectures or apprehensions might have caused him anxiety, pain and mental distress, but we do not think they would furnish a proper basis of recovery of damages. We do not think the court erred in sustaining the special exceptions to the petition. The assignments are overruled. This disposes of the appeal.

It is insisted by appellee, as an answer to the assignments of error, that after the exceptions were sustained appellant filed a trial amendment and the case proceeded to trial, resulting in a general judgment for defendant, and therefore if the rulings complained of were erroneous such error was harmless. While it is not necessary to a decision of this case, we are inclined to think that this contention is correct. From all that appears in the record the judgment of the trial court may have been based upon a failure of the proof on the issue of negligence. It is difficult to conceive of a state of the evi-

dence which would have authorized a recovery of damages arising upon the allegations of the petition which were stricken out upon the exceptions, that would not also have required a judgment upon the allegations of damages upon the grounds still remaining and upon which the case went to trial. If negligence was established, if no other damages were proven, appellant would have been at least entitled to recover the money proven to have been paid for the message. The record strongly leads to the conclusion that the judgment was based upon a failure to establish the negligence as the basis of liability, in which case the ruling complained of did not prejudice appellant's case. However, we hold that there was no error in the ruling and the judgment is affirmed.

*Affirmed.*