WESTERN UNION TELEGRAPH COMPANY *v.* OASTLER.

Opinion delivered May 3, 1909.

1. TELEGRAPH COMPANIES—MISTAKE IN TELEGRAM—MENTAL ANGUISH.— Where a husband sent his wife a telegraphic message apprising her that he would return home on Sunday, but, as delivered, it read "today," she was not entitled to recover on account of mental anguish suffered by her when he failed to return on the day the message was sent because she imagined that he was sick. (Page 271.)

2. SAME—MENTAL ANGUISH—NOTICE.—A message apprising a wife of her husband's return on the following *Sunday* was not sufficient to

put the telegraph company on notice that she would suffer mental anguish if the message was altered to read that he would return *today*. (Page 271.)

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; reversed.

*George H. Fearons, J. H. Crawford,* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

The statute authorizing the recovery of damages for mental anguish contemplates only suffering in mind over real ills, sorrows and griefs of life and such suffering as would reasonably flow from the failure to deliver the message. 83 Ark. 476. There was nothing in the message to put the company on notice that a failure to deliver it would cause the damages of which appellee complains. 53 Ark. 434; 78 Ark. 545; 79 Ark. 33.

*Callaway & Huie,* for appellee.

The statute giving a right of recovery for mental anguish is limited to social and personal affairs, and does not extend to business matters. 50 S. E. 537; 83 Ark. 476. But recovery is not limited to cases of sickness or death. 85 Ark. 263.

BATTLE, J. The complaint is as follows: The plaintiff, Mrs. Pearl Oastler, states: "That the defendant, the Western Union Telegraph Company, is a foreign corporation, and is engaged in business in Clark County, Arkansas, where it maintains offices and agents, and on July 24, 1908, did a telegraph business in the States of Texas and Arkansas, and had offices at San Antonio, Texas, and Prescott, Arkansas, for transmission for hire of messages between said points. That plaintiff lives with her husband, B. R. Oastler, at Arkadelphia, Arkansas, and on said date was visiting relatives at Prescott, Arkansas, while her husband had gone on business to San Antonio, Texas, to return home on Monday, July 27, 1908. That on said 24th day of July, 1908, plaintiff's husband delivered to the agent of said defendant at San Antonio, Texas, for transmission, a message addressed to plaintiff at Prescott, Arkansas, in words as follows, to-wit: 'Will be home on Cannon Ball Sunday.'

"That said message as delivered to the agent of said defendant, as aforesaid, as shown on its face, was intended to notify plaintiff that her husband would return home on Sunday, July

26th, instead of Monday, July 27th, but that the defendant, in disregard of its duty in that respect, carelessly and negligently delivered to plaintiff at Prescott, Arkansas, the following message, to-wit:

"'San Antonio, Texas, 7-24-'8.

"'Mrs. B. R. Oastler,

"'Prescott, Arkansas.

"'Will be home on Cannon Ball today.'

"That by reason of said erroneous message plaintiff immediately left for her said home at Arkadelphia, Arkansas, without finishing her visit, expecting to meet her husband on said date; and that after waiting for his arrival until Sunday, July 26th, she returned to Prescott, Arkansas, greatly worried and disturbed in mind, and apprehensive of her husband's safety, and that he did not return until Sunday, July 26th, as plaintiff should have been informed by said message. That by reason of said negligence of the defendant the plaintiff incurred traveling expenses to and from Arkadelphia, Arkansas, in the sum of $1.30 and suffered mental anguish and distress of mind in the sum of one thousand dollars.

"Wherefore plaintiff prays judgment against the defendant in the sum of $1,001.30, for all other proper relief."

The defendant offered to confess judgment for one dollar. It also filed an answer denying specifically each allegation of the complaint. There was a jury trial and a verdict for $100. Defendant's motion for a new trial was overruled, and it excepted.

The bill of exceptions shows the following testimony:

Plaintiff testified: "I live at Arkadelphia with my husband, whose name is B. R. Oastler. In July, 1908, I went to visit my relatives at Prescott, while my husband was away. He had gone to San Antonio, to the State encampment, and was to return on the 27th of July. On the 24th of July I received a telegram, saying that he would be at home that day. I left on the Cannon Ball that afternoon at 5:30 and came to Arkadelphia. My husband did not come home that day. I was worried, for I knew whenever he sent a telegram he meant it. I suffered mental anguish when he did not come on the next train, and there were two nights that I did not close my eyes. The next morning I thought I would have to go to my father's, and I left for Prescott. The

message was received on Friday, and I heard nothing from him until twelve o'clock Sunday, and imagined he was sick. I looked for him Saturday afternoon and Sunday morning. I thought he was sick or something had had happened to him. My railroad fare to Arkadelphia and back cost me $1.30.

"When I went back to Prescott, I went to the telegraph office and got the corrected telegram. I got the corrected telegram about one o'clock Sunday. When I got back to Prescott Sunday, I still had not found my husband. Between eleven and twelve o'clock when I went to the telegraph office I asked the clerk to trace the message up. He then reported that there was a mistake in the message, and that 'today' should have been 'Sunday.' My husband returned Sunday on the Cannon Ball. When I first left for Arkadelphia, it was on the train on which I expected to find my husband. I received the first message between two and three o'clock, and reached Arkadelphia at 6:30, and stayed there that night and until Sunday morning. I was almost frantic at the continued absence of my husband. I thought he was very sick or something like that, for he always comes when he tells me he will."

According to her own testimony, plaintiff's mental anguish was caused by "imaginary situations." She imagined her husband was sick without any information to that effect. Her case is unlike that of *Western Union Telegraph Co.* v. *Hollingsworth,* 83 Ark. 39, and *Western Union Telegraph Co.* v. *Hanley,* 85 Ark. 263, where the court held that the facts within the knowledge of the plaintiffs were sufficient to cause mental anguish on account of the failure to deliver telegrams and to entitle them to recover damages. It is more like *Western Union Telegraph Co.* v. *Shenep,* 83 Ark. 476, in which the "alleged mental anguish for which the court held there could be no recovery was over an imaginary situation or worry concerning the possibility of the loss of employment—an emergency which really did not arise."

The message was not sufficient to put the company on notice that the failure to deliver it promptly would cause mental anguish.

Appellee was not entitled to recover damages on account of mental anguish.

Judgment of the circuit court is reversed, and judgment is rendered here in favor of the appellee for one dollar and thirty cents, a part of the amount sued for.