COKER v. MOTT· et al.  (No. 5743.)

(Court of Civil Appeals of Texas.  San Antonio.
Nov. 29, 1916.  Rehearing Denied
Jan. 3, 1917.)

1. APPEAL AND ERROR ☞1011(1)- REVIEW—
FINDINGS OF FACT.

The trial judge's findings as to the facts
have the same effect as findings of a jury, and if
the evidence is conflicting, a mere preponderance
against the finding is not cause for reversal.

[For other cases, see Appeal and Error, Cent.
Dig. §§ 3983-3988; Dec. Dig. ☞1011(1).]

2. APPEAL AND ERROR ☞856(1)—REVIEW—
PRESUMPTIONS FAVORING JUDGMENT.

When the judgment of the court can be sup-
ported by any reasonable theory as to the evi-
dence and there are no conclusions of fact and
law, the judgment must be affirmed.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3408; Dec. Dig. ☞856(1).]

3. APPEAL AND ERROR ☞1011(1)—REVIEW—
FINDINGS OF FACT—WEIGHT OF EVIDENCE.

The fact that the trial judge accepted testi-
mony of defendant alone, as against that of
plaintiff and his witnesses, is not ground for a
reversal.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 3983-3988; Dec. Dig. ☞
1011(1).]

Appeal from Nueces County Court; Wal-
ter F. Timon, Judge.

Suit by J. C. Coker against W. C. Mott and
another, to recover on a note and foreclose
a chattel mortgage given as security there-
for.  From a judgment against the maker
for the amount of the note, but denying fore-
closure, plaintiff appeals.  Affirmed.

Suttle & Todd, of Corpus Christi, for ap-
pellant.  Pope & Sutherland, of Corpus
Christi, for appellees.

FLY, C. J.  Appellant sued W. C. Mott on
a promissory note for $194.40 and to fore-
close a mortgage on a certain automobile,
executed by Mott to appellant.  W. E. Wo-
mack was made a party to the suit on the
ground that he was in possession of the auto-
mobile and claiming the same.  The cause
was tried without a jury, and judgment ren-
dered in favor of appellant as against Mott
for the amount of the note, but in favor of
W. E. Womack for the automobile.

Womack swore that he was the owner of
the Star Theater, and that on March 27,
1913, Mott, as his agent, sold the same to
Tyler & Co., taking the automobile in part
payment, that he (Womack) took possession
of the automobile, and always retained pos-
session as the owner of the same, and that
Mott had no interest whatever in the auto-
mobile.  Appellant showed that on March
27, 1913, Mott sold the Star Theater, and
gave a written transfer in his own name, and
received a bill of sale from Tyler & Co. to
him for the automobile; that, on April 2,
1913, Mott gave him the note for $194 and
a mortgage on the automobile.  The trans-
fer of the Star Theater was not filed for
record until April 10, 1916, and the bill of

sale to the automobile was not acknowledged
or recorded.  Appellant swore that Mott told
him that he traded the theater to Tyler &
Co. and that he had taken the automobile
as part pay for the theater; that he saw
the automobile a number of times in the pos-
session of Mott, and that Mott had repre-
sented that he was the owner of the automo-
bile, and had tried a number of times to sell
the same to appellant.  Two witnesses swore
that the Star Theater had been listed with
them for sale by Mott.

The evidence showed that Mott left Corpus
Christi after the sale of the theater, prob-
ably immediately after giving the note ·and
mortgage.  He could not have had possession
of the automobile more than six days before
he gave the note and mortgage, and yet ap-
pellant swore that he, during that time, saw
Mott in possession of the automobile a num-
ber of times and that he "tried numbers of
times to sell same to plaintiff."  Womack
flatly contradicted appellant as to Mott
ever having possession of the automobile.
No one else testified that Mott was ever in
possession of the automobile.  Womack did
nothing to cause appellant to think Mott
owned the automobile.  Appellant did not
state that he saw the bill of sale before the
note and mortgage were executed.

[1, 2] When a cause is tried by the judge,
his findings as to facts have the same force
and effect as the findings of a jury.  If the
evidence is conflicting, a mere preponderance
in favor of the losing party is not cause for
a reversal.  Mann v. Wallis, 75 Tex. 615, 12
S. W. 1123.  The trial judge was in a much
better position to pass upon the credibility
of the witnesses and the weight to be given
their testimony than this court could be.
The bills of sale were given and received by
Mott without the connivance of Womack,
and the court may have deemed them a part
of Mott's scheme to get money from appel-
lant.  Womack's positive testimony was not
shaken by the words and acts of a man who
got money ·from another and then fled from
the community.  Whenever the judgment of
the court can be supported by any reasonable
theory as to the evidence, it must be affirm-
ed, where there are no conclusions of fact
and law.  Tinsley v. Penniman, 8 Tex. Civ.
App. 495, 29 S. W. 175.

[3] Because the trial judge preferred to
believe Womack as to his ownership and
possession of the property, rather than the
testimony of appellant and his witnesses,
can form no ground for a reversal of the
judgment, and none of the decisions cited by
appellant sustains any such contention.  We
can readily conceive of a case in which a
judge could properly and wisely reject the
testimony of 20 witnesses and take that of
one witness, even though the evidence of the
20 be supported by written testimony for
which the one witness was not responsible.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

No effort was made by appellant to show by Tyler. that he really bought the theater from Mott or really sold him the automobile. Womack swore the theater was his, and that Mott acted as his agent in selling it and taking the automobile as part payment, and the bills of sale did not destroy that evidence.

The judgment is affirmed.