## WESTERN UNION TELEGRAPH CO. v. BROOKS. (No. 8277.)

(Court of Civil Appeals of Texas. Dallas. Jan. 31, 1920.)

**1. Telegraphs and telephones ⬅68(1)—Mental suffering caused by failure to deliver telegram may be compensated.**

Mental anguish is an element of actual damage, for which compensation may be recovered upon breach of a contract for the transmission of money by telegram, where such anguish is the natural and direct result of such breach.

**2. Telegraphs and telephones ⬅68(1)—Suffering of mother caused by failure to forward money to son held to entitle recovery.**

Where a mother sent money to her destitute son to enable him to return home, and informed the telegraph company of his condition, her mental suffering, due to his failure to return by train when the money was not delivered, and continuing during three weeks while he was making his way home, is such suffering as entitles her to recovery of damages therefor for breach of the telegraph company's contract.

**3. Telegraphs and telephones ⬅71—$800 to mother for failure to deliver money to bring son home held not excessive.**

A verdict awarding $800 damages for mental suffering caused by breach of contract to transmit money to plaintiff's son to enable him to come home when he was in destitute circumstances, as a result of which he had to work his way home, held not excessive.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by Mrs. N. C. Brooks against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Affirmed.

W. H. Flippen, of Dallas, and Neyland & Neyland, of Greenville, for appellant.

B. Q. Evans, of Greenville, for appellee.

RAINEY, C. J. This suit was instituted by appellee to recover damages from the appellant for the negligent failure of appellant to transmit to her son, Richard T. Brooks, who was then at Bastrop, Tex., the sum of $16.26, according to contract, which said sum was delivered by appellee to appellant's agent at Paris, Tex. The petition alleges:

"That at the time she delivered to defendant at Paris, Tex., the money aforesaid she fully informed the defendant through its said agent there in charge of the office, transacting the business of the defendant, and who received said money and made said contract, that her son was then in Bastrop in the custody of Sheriff E. H. Perkins; that he was sick, weak, and feeble, unable to work, without money or means and without clothes, and among strangers, and that if this money was not delivered to him at once he would likely be turned out

to make his way home as best he could by begging his way like a tramp, and upon the assurance given to her by the agent of the defendant that the money could and would be promptly delivered to her son in Bastrop, she delivered to said agent the money, and made the contract for its immediate delivery to her son, and that said agent represented to her that the money would be delivered at Bastrop to him by 5 o'clock that afternoon, it being about 4 o'clock at that time, and that about 30 minutes after said money was delivered the agent of the defendant informed her that the message had already been sent to Bastrop, and that the money was then ready to be delivered to her son.

"Plaintiff shows that the defendant failed and neglected to deliver said message or money as it had contracted so to do; that her son remained in Bastrop until after 6 o'clock on the night of the 17th and made frequent calls both day and night at the defendant's office in Bastrop to know if said message and money had been received, and was informed each time that it had not been, and that, when he, not receiving the money, concluded that the money was not coming, he left Bastrop with the intention of walking home to Greenville, Tex., and was forced to beg his way, and plaintiff was never able to hear from her son until she received the following card dated at Bastrop, Tex., Monday, 17th day of September, 1917, which card contained the following: 'This is Monday, 17th and you have not sent any money to buy ticket. I am in a critical condition. Don't know what kind of shape I will be in the next time you hear from me.'

"Plaintiff shows that she waited for a reasonable length of time and met each train that would bring him home, and when she realized that the defendant had failed and neglected to deliver said money on the 14th day of September, and when the defendant had failed for more than three days and nights to deliver the money to him and message to him, plaintiff was caused to suffer great distress, mental worry, uneasiness, physical pain, and mental anguish on account of the fact that her said son was unable to reach home, and on account of his being without money, means, and in a physically weak condition and unable to reach his home, where she could give him the proper care and attention, and that by reason of the negligence of the defendant in its failure to transmit and cause to be delivered the message and money aforesaid plaintiff has been damaged in the sum of $3,000, for which she sues and prays judgment."

Defendant answered by general and special demurrer, and, "specially answering herein, if need be, this defendant says that its failure, if any, to deliver the money or the transfer in suit was due to Richard Brooks' leaving Bastrop voluntarily before same was paid to him, and that the defendant in law could not and should not be held responsible or liable for any acts, conduct or suffering of Richard Brooks or his mother, Mrs. N. C. Brooks, occasioned by the said Richard T. Brooks having left Bastrop, but that its liability, if any,

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

should be and is restricted to the suffering, if any, of the said Richard T. Brooks and of his mother, Mrs. N. C. Brooks, caused by the defendant company at Bastrop, Tex., and at no other point or place; that the meanderings and wanderings of the said Richard Brooks by foot over the country was not in contemplation of the parties at the time the contract was entered into, nor was it the act of a prudent man under like or similar circumstances, and was too remote to bind this defendant, and that the suffering, if any, of the said Richard Brooks and his mother, Mrs. N. C. Brooks, was directly caused and solely attributable to the contributory negligence of the said Richard Brooks in taking such an unnecessary trip across country, for which this defendant is not in any wise liable or responsible."

A trial resulted in a verdict and judgment in favor of plaintiff for $800, and defendant appeals.

All the material allegations of plaintiff's petition were duly established by the evidence adduced on the trial, and that she suffered mental anguish to justify the amount of the verdict and judgment.

Appellant's assignments Nos. 1, 2, and 3 are grouped and asked to be considered together. The contention is that the petition sets forth no ground for mental suffering, but shows that her suffering was caused alone by her excited imagination, etc., and had no foundation in fact, and that the matters complained of were too remote and not in contemplation of the parties when the contract was entered into; that a telegraph company, for delay in delivering money sent by telegraph, is not liable for fear, grief, or other anguish of the sender; and that appellee failed to make out her case, and the court should have instructed a verdict for appellant.

[1] We think the court did not err in overruling defendant's demurrer to plaintiff's petition, as the petition stated a good cause of action. In Tel. Co. v. Simpson, 73 Tex. 422, 11 S. W. 385, it was said:

"We think it too well settled in this state to justify elaborate discussion here that mental anguish may constitute an element of actual damage for which compensation may be recovered upon breach of a contract, where such anguish is the direct and natural result of such breach."

The allegations stated facts which, if proven, constituted a right of recovery, and the court did not err in its action.

[2] The facts show that Mrs. Brooks suffered mental anguish by reason of the negligence of appellant. It was such anguish as would have caused any mother's heart to ache, and was not brought about by undue imagination of the mother. She had received word by wire that her son was held by the sheriff of Bastrop county, that he was in need of money to get home, that he was in need of clothing, and she immediately thought of providing for him in that condition, and contracted with the telegraph company to transmit him some money, which it undertook to do, which the agent assured her would be delivered in one hour, at which time she informed the company of her son's condition. She expected the money to be at once delivered to her son, and expected him to come home at once. So expecting she met every incoming train from the south, but he did not come. She sent the money on the 14th of September, and her son waited for it to arrive until the 17th of September, when, despairing of the money coming, concluded it would not be sent, and left Bastrop for home on foot, where he arrived at 4 a. m. October 7th.

[3] These facts were such as to harrow up any mother's feelings and cause mental anguish, and under the circumstances the judgment is not excessive. Tel. Co. v. Simpson, supra; Tel. Co. v. Richards, 158 S. W. 1187; Goodwin v. Tel. Co., 160 S. W. 107; Tel. Co. v. Finfrock, 191 S. W. 181.

Appellant's fifth assignment of error is:

"The court erred in paragraphs 3, 4, and 5 of the main charge in presenting to the jury the measure of damage to which the plaintiff is entitled in that by the said charge it permits the jury to award damage to the plaintiff for mental suffering suffered by her because of information conveyed to her by a card received by her from her said son as to his statement of his then condition and his future action to be taken by him, and that the court further erred in said main charge in not confining the jury to mental suffering, if any, which might be the direct and proximate cause of the negligence, if any, of the defendant in failing to deliver said message in reasonable time, all of which is more fully shown by defendant's objection to the main charge, and each paragraph thereof filed among the papers in this cause."

If the appellant contracted with appellee to transmit a sum of money to her son, and the contract was violated on appellant's part by failing to transmit the same within a reasonable time, then appellant would be liable for such damages as might have been fairly within the reasonable contemplation of the parties at the time such contract was made. But the appellant could not foresee that the son would indulge in such conduct as would cause damages. Ricketts v. Western Union Tel. Co., 10 Tex. Civ. App. 226, 30 S. W. 1105. The son's conduct in leaving Bastrop to walk home after he had waited a reasonable time for his mother to send him the money to pay his way is not surprising, but, from the conversation appellant's agent had with appellee when the contract was made by the mother for the transmission of the money, appellant should have known that such damages would have arisen. The money paid by Mrs. Brooks to appellant did not reach Bas-

trop at least until after the son had left there, and if it ever did the evidence does not show, and in this respect the appellant breached the contract, causing Mrs. Brooks to suffer damages thereby, for which damages appellant is liable.

The contention is advanced by appellant that from the facts and law Mrs. Brooks has shown no right of recovery in this case, and, among others, cite the cases of Ricketts v. Western Union Tel. Co., 10 Tex. Civ. App. 226, 30 S. W. 1105, and Rowell v. Tel. Co., 75 Tex. 26, 12 S. W. 534. We think there is a marked difference in the principle announced in those cases and the instant case, in that the measure of damages sought in the Ricketts and Rowell Cases, supra, was that for imaginary damages which never occurred to the plaintiffs and in reality never happened, and as the damages were imaginary and were never experienced by the plaintiffs in those cases, those plaintiffs, of course, were never entitled to a recovery, but here a different state of facts existed. The facts anticipated and feared by plaintiff were experienced by her son, were real, and plaintiff suffered from negligence of the appellant in failing to deliver the money she sent, and which appellant contracted to deliver. So in this case damages did actually accrue, while in said two cases cited above the plaintiffs allowed their imagination to dream of things that never in fact transpired.

The various assignments of error have been considered, but none are of merit, and the judgment is affirmed.

Affirmed.