## WESTERN UNION TELEGRAPH CO. v. MANG.

### No. 9888.

Court of Civil Appeals of Texas. San Antonio.

Dec. 2, 1936.

Rehearing Denied Jan. 13, 1937.

Goeth, Webb & Goeth, of San Antonio, for appellant.

John T. Spann, of Crystal City, for appellee.

BOBBITT, Justice.

On July 11, 1935, appellee, who resides in Zavala county, Tex., filed this suit in the county court of Zavala county against the Western Union Telegraph Company, appellant herein, for the recovery of damages. Appellee alleged that his father and mother lived near the town of Moulton, in Lavaca county, Tex.; that appellee's mother died in Lavaca county at about 11 o'clock a. m. on May 3, 1935, and his father sent appellee a telegram from Moulton, informing him of his mother's death, which said telegram was delivered to appellant at Moulton, Tex., about 12 o'clock noon May 3, 1935, and which reads as follows:

"John Mang,
"Crystal City, Texas.
　"Mother died this morning at eleven.
　　　　　　　　"[Signed]　Father."

Appellee alleged that the telegram was to be transmitted for his benefit, and that it was sent to enable him to be present during the funeral arrangements and at the funeral of his mother.

The telegram was received by appellant at its Crystal City office about 1 o'clock p. m. on May 3, 1935, but appellant negligently failed to deliver same to appellee, or to notify him thereof, until about 10 o'clock a. m. on May 4th, which was too late for him to reach Moulton and attend the funeral "when it was reasonably expected to take place." Previous to the time in question the agents of appellant at Crystal City knew the place of residence of appellee, which was a short distance from the town of Crystal City, and had previously delivered telegrams to him at his home. Appellee alleged that the distance from Crystal City to Moulton is more than 350 miles; however, it was agreed upon the trial that the distance is approximately 218 miles, and that it was necessary, on account of poor railroad passenger service, for appellee to make the trip by automobile, and that by reason of the delay in the delivery of the telegram, in order to reach the place of burial "when the same was expected to take place," it was necessary to travel at a high rate of speed, and, as the tires on appellee's automobile were not in good condition to stand the strain of high speed, it became necessary for appellee to purchase two new tires, which was done at a cost of $30; that by reason of the delay in the delivery

of the telegram appellee was caused to make the trip to Moulton mostly at night and in the rain, and he was compelled to make said trip conscious of the fact that he was more than thirty-six hours late, and in all probability would be too late to attend his mother's funeral and view her remains before she was buried; that he suffered the fear that he was too late to see his mother again and to attend her funeral during the entire trip, which lasted more than eight hours, in addition to the time he had previously lost, which caused him to suffer great distress and mental anguish, in the sum of $500. The petition of appellee does not state that he failed to reach Moulton in time to view his mother's remains before burial and to attend her funeral. The record shows that appellee, in fact, reached Moulton in time to view his mother's remains before burial and that he did, in fact, attend her funeral. Appellee further sought to recover exemplary damages in the sum of $350, alleging the conduct of appellant's agents at Crystal City constituted gross negligence.

After a general demurrer, appellant excepted to appellee's petition relating to the purchase by appellee of automobile tires alleged to have been necessary in order to make the trip to Moulton at high speed, because it appeared from the petition that the trip was not made at high speed, and because no facts were alleged in order to show that the appellant had notice of any character that the purchase would be necessary and because it appeared from the appellee's pleading that the purchase of the tires was not a loss to appellee, but at most a purchase made by him in advance of the time at which he would have ordinarily purchased new tires for his car, there being no allegation in the pleading that the tires purchased were not worth what the appellee paid for them, or that they were rendered valueless by reason of the trip, or that the appellee no longer had said tires. Appellant excepted to appellee's petition and to all allegations thereof wherein appellee sought to allege facts showing mental anguish sustained by him on account of the delay in the delivery of the suit message, because no facts were set out which would support a recovery—it appearing from said pleadings that appellee in fact reached Moulton in ample time to view his mother's remains before burial and in fact attended her funeral; that, therefore, his only complaint was that he sustained mental disturbance because he labored under the groundless or false apprehension that he would not reach Moulton for the funeral.

Appellant also excepted to appellee's allegations wherein attempt was made to set forth a cause of action for the recovery of exemplary damages, because no facts were alleged which would warrant the recovery of such damages, in that there were no allegations that the negligence, if any, of the employees of appellant was committed by direction of appellant, or that appellant had ratified or adopted the alleged negligent act or acts of its employees, if any, as its own; or that appellant was guilty of negligence in the selection and employment of the employees whose conduct appellee complained of.

The court overruled appellant's demurrer and all exceptions to appellee's petition, and the cause was tried by the court without a jury. After all the evidence was in, appellant moved for judgment in its favor, on the contention that appellee's petition did not present a cause of action, and because the evidence was insufficient to support a recovery in favor of appellee on any ground. The court overruled such motion, and rendered judgment against appellant in the sum of $300 and costs of court. The judgment does not reveal whether the recovery was allowed for (a) mental suffering, (b) the purchase price of automobile tires, or (c) exemplary damages.

■ No request was made for findings of fact and conclusions of law by the trial court, and none were filed. Inasmuch as appellant did not request the court to file findings and conclusions, and since the judgment entered is a general judgment, it will be presumed, on appeal, that the trial court disregarded any inadmissible evidence which may have been offered on the trial and based his judgment on allegations in the petition which would support a recovery, and upon the admissible evidence which would tend to sustain the judgment under such allegations. Minor v. London Guarantee & Accident Company (Tex.Civ.App.) 267 S.W. 1020; Coker v. Mott (Tex.Civ.App.) 190 S.W. 747; Galveston, H. & S. A. Railway Co. v. Kropp (Tex.Civ.App.) 91 S.W. 819.

■ The rule is well established in this state that, where a case is tried before the court without a jury, and the court renders a general judgment, not specifying the grounds for rendition, such judgment will be sustained if it can rest on any legal ground properly alleged that may be sup-

ported by the evidence. If the judgment, however, is not based upon any allegation that states a cause of action or forms the basis for a recovery, or finds no support in the evidence, such judgment should not, on proper complaint by the losing party, be permitted to stand.

As above indicated, appellee relied for recovery in this cause on three contentions; the main ground being the alleged damages sustained by appellee because of the mental suffering he experienced as the result of the fear or apprehension that he would be unable to view the remains of her mother before her burial and to attend her funeral, and which was caused by the alleged negligence of appellant in failing to discharge its duty to him by delivering the death message to him, or notice thereof, with more dispatch. The allegation relating to the purchase of two new automobile tires and that of exemplary damages based upon alleged gross negligence are incidental to or based upon the main ground above stated.

■■ It is clear, from a review of the pleadings, that the allegations of appellee relating to the item of claimed damages as a result of his having to purchase two new automobile tires to make the trip in question are wholly insufficient to support the judgment. Likewise, the allegations in respect to gross negligence of appellant's agents in failing to deliver the message to appellee with more dispatch, as the claim or basis for exemplary damages, fall far short of stating a cause of action against appellant. Furthermore, the record shows that the wife of appellee purchased the automobile tires without the knowledge of appellee and before he knew anything about the message having been sent or the death of his mother. The pleadings of appellee in both these respects are insufficient to support the judgment, and, even if the pleadings were sufficient, the evidence offered on the trial does not sustain either allegation. Appellant's special exceptions to these two allegations, in the first place, should have been sustained by the trial court, and the court erred, in the second place, in refusing to grant appellant's motion for judgment in its favor, on these two items, at the conclusion of the testimony.

■ On the main ground relied upon by appellee for recovery in this cause, that of mental suffering, the record shows that there was in reality no basis or justification for the alleged mental fear and distress which appellee claims to have experienced. While it may be conceded that appellant may have been somewhat negligent in failing to deliver the death message to appellee at an earlier time, it is shown by the pleadings and testimony of appellee that the ground upon which he bases his claim for damages did not in fact exist. It is shown that, when the wife of appellee received the death notice, she immediately, without notice to or advice from appellee, wired the family at Moulton that they, appellee and his wife, were leaving Crystal City immediately to attend the funeral. The fact is that they did leave promptly that same day, and arrived at 7 o'clock in the evening, spent the night with the other distressed relatives, and attended the funeral the following day.

The sole ground upon which appellee could claim as a basis for recovery of damages in this cause is, as contended by him, that he "worried a lot" between the time he received the belated notice of his mother's death at about noon on Saturday and 7 o'clock that same day when he arrived at his father's home and learned that they had received the wire telling of his coming, and that his mother's funeral would not be held until the following day. He was the victim of the fear that he would not be able to attend the funeral, therefore, for only a short time, and there was in fact no basis for such fear. Appellee was laboring, for such short time, under the mistaken belief as stated above, and as there was no basis for such apprehension or fear, since the mental attitude and the alleged resulting mental anguish and suffering had no basis in fact, appellee cannot recover any damages in such case, even though appellant may have been negligent in failing to show more diligence in delivering the death message. It is observed, in passing, that in reality appellee thought the funeral would be delayed pending his arrival as the result of the wire sent by his wife that they were coming to the funeral. If appellee was greatly concerned that such was not the case, he could and should have wired or telephoned for the true facts, and thus acquired prompt and definite information which would have alleviated or minimized his mental worry and anguish.

■ In any event, it is our opinion that under the pleading and evidence in this record the alleged mental anguish and fear clearly shown to have resulted from a mistaken belief that something might happen which did not in fact occur is not the char-

acter of mental distress which can form the basis of a recovery for damages under the laws of this state. Western Union Tel. Co. v. Reed, 37 Tex.Civ.App. 445, 84 S.W. 296; McAllen v. Western Union Tel. Co., 70 Tex. 243, 7 S.W. 715; Western Union Tel. Co. v. Sims (Tex.Civ.App.) 181 S.W. 800; Hart v. Western Union, 53 Tex.Civ.App. 275, 115 S.W. 638; Ricketts v. Western Union Tel. Co., 10 Tex.Civ.App. 226, 30 S.W. 1105; Western Union Tel. Co. v. Oastler, 90 Ark. 268, 119 S.W. 285, 49 L.R.A.(N.S.) 325.

For the reasons stated, and upon the authorities above cited, we find it our duty to reverse and render the judgment of the trial court, and it is so ordered.