## ASHER v. WESTERN UNION TELEGRAPH CO.

### No. 10010.

Court of Civil Appeals of Texas.
San Antonio.

May 12, 1937.

Rehearing Denied June 9, 1937.

Atlas Jones, of Uvalde, for appellant.

Goeth, Webb & Goeth, of San Antonio, and Francis R. Stark, of New York City, for appellee.

SMITH, Chief Justice.

J. G. Asher brought this action against the Western Union Telegraph Company for damages for mental anguish alleged to have been sustained by him by reason of error in transmission of a telegram received by Asher. A jury trial resulted in a judgment that Asher take nothing by reason of his suit, and he has appealed.

As stated in appellee's brief, "appellant alleged that on or about December 6th, 1935, R. P. Asher, father of appellant, resided with his wife, the mother of appellant, and his unmarried daughter (Gladys), sister of appellant, in the town of Uvalde, Texas. That on the date last mentioned appellant's father delivered to the Uvalde office of appellee a telegram addressed to appellant at Eagle Pass, Texas, which message read as follows: 'K killed in wreck. Come earliest convenience. No plans yet. Dad.' That the telegram involved was promptly, but erroneously transmitted by appellee and was delivered to appellant at Eagle Pass, Texas, with the letter K left out and reading as follows: 'Killed in wreck. Come earliest convenience. No plans yet. Dad.'" The "K" in the original message was intended to designate one K. Reagor, who was the husband of appellant's aunt.

The gist of appellant's complaint was that he construed the delivered message to mean that his sister, Gladys, had been killed in an automobile wreck, and appellant labored under that misapprehension until he made the trip by automobile from Eagle Pass to Uvalde, a distance of about 100 miles, when he found that his sister was alive and well, and that his uncle by marriage was the decedent referred to in the message, although he could have informed himself at once by telephone or telegraph, at the cost of a few cents, and thus avoided the expense of the trip to Uvalde, as well as the mental anguish of which he complains.

The cause was submitted upon special issues, all of which were resolved by the jury against appellant. Those issues were submitted without objection from appellant as to either form or substance. The jury found: (1) That appellant did not reasonably believe from the message that his sister had been killed in an automobile wreck; (2) that appellant's negligent failure to take immediate steps to ascertain who had been killed in a wreck was the sole proximate cause of any mental suffering he may have endured; (3) that he was not entitled to any sum as compensation for his said mental anguish, if any.

We are of the opinion that those findings were sustained by the evidence.

It is first contended by appellant that the pleading and finding that appellant's damage, if any, was occasioned by his own negligent failure to make inquiry as to the name of the person killed in the wreck referred to in the message, afforded no defense to the suit. We overrule the contention. 40 Tex.Jur. p. 557; McAllen v. Western Union Tel. Co., 70 Tex. 243, 7 S.W. 715; Western Union Tel. Co. v. Mang (Tex.Civ.App.) 100 S.W.(2d) 158. The message actually received by appellant was that an unnamed person had been killed in a wreck. Appellant imagined that the person killed was his sister, and grieved accordingly; whereas, the slightest inquiry would have disclosed

that the person killed was not a sister, but only a distant relative, by marriage. Appellant's suffering was caused, then, by a figment of his own imagination. It had no real foundation, and would have been avoided by the least diligence upon his part.

The case is one of fact, upon which the evidence is undisputed, and shows as a matter of law that appellant had no ground of recovery for damages for mental anguish.

The court could have rendered no other judgment than that appealed from, which must be affirmed.