**WESTERN UNION TELEGRAPH CO. v. HOMER et ux.**

No. 14282.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 31, 1941.

Rehearing Denied Jan. 9, 1942.

660

Francis R. Stark, of New York City, and Thompson & Barwise and Fred L. Wallace, all of Fort Worth, for appellant.

Clark & Stegall and Clark, Craik, Burns & Weddell, all of Fort Worth, for appellees.

BROWN, Justice.

Appellees, Mr. and Mrs. W. L. Homer, who live in Gainesville, Texas, brought suit against appellant for damages, alleging substantially as follows: That they are the grandparents of a small boy, Bobby Bates, about five years old, son of their daughter, Mrs. Doris Bates, who lives in Fort Worth, Texas; that Mrs. Bates left the child in her care with the understanding "that Mrs. Bates would wire by Western Union instructions as to whether or not Bobby Bates, a five year old infant and son of Mrs. Bates and grandson of plaintiffs, should remain with plaintiffs or be placed on the train by the plaintiffs to be returned to Fort Worth to his said mother, and that on or about the 21st day of August, 1939, said Mrs. Bates called the office of the defendant herein and inquired of said defendant, through its agent, servant and employee in said office, whose name is unknown to the plaintiffs but well known to the defendant, if a message could and would

be delivered immediately to the said Mrs. W. L. Homer at Gainesville, Texas, and explained to the said agent, servant and employee of the defendant of the facts above mentioned, and was advised by said defendant, through its agent, servant and employee, as aforesaid, that said message and telegram could and would be delivered immediately to the said Mrs. W. L. Homer at Gainesville, Texas, and explained to the said defendant, as aforesaid, that unless said telegram was delivered to the said Mrs. W. L. Homer before 9:00 P. M. that night said infant would be placed on the train leaving Gainesville at approximately 9:00 P. M. to return to Fort Worth, and when said Mrs. Bates was assured by said defendant, as aforesaid, that said message could and would be delivered to said Mrs. W. L. Homer immediately and prior to 9:00 P. M. on said night, said Mrs. Bates instructed said defendant to send the following telegram:

"'Mrs. W. L. Homer, 200 Second Street, Gainesville, Texas. Bob may stay. Will write later. (Signed) Doris.'"

It was further alleged that Mrs. Bates told the defendant's agent that Mrs. Homer was afflicted with heart disease and that excitement or strain or fright affected her heart and caused her to become sick; that the defendant neglected to deliver the message until about 8:00 o'clock the next morning, and that Mrs. Homer not having received the message put the child on the train, bound for his home; that when Mrs. Homer received the delayed message the next morning, "she was for the first time advised that said child should remain in Gainesville, and that said Mrs. Bates would not meet the train on which said child was placed the night before, and that as a result thereof said Mrs. W. L. Homer suffered the most severe and excruciating mental anguish in not knowing what had become of her said grandchild, and that said Mrs. W. L. Homer became physically sick on account thereof and was confined to her bed for several weeks in a highly nervous state and suffered great physical pain and suffering as well as mental anguish."

The cause was tried to a jury and on the answers made to special issues submitted, the trial court rendered judgment for the plaintiffs for $400.

The defendant Telegraph Company has appealed and presents twelve propositions bottomed on its assignments of error.

The first three propositions grow out of the first assignment of error, viz.: The refusal to give a peremptory instruction requested by defendant.

It is contended that the pleadings and undisputed evidence show that all the injuries claimed by plaintiffs are based on fear and apprehension that something had happened as a result of delay in delivery of the message, which in fact had not happened, and therefore the instruction should have been given.

■ The pleadings set forth physical pain and suffering as well as mental anguish, and the testimony tended to support the allegations.

■ In 115 Tex. 168, 279 S.W. at pages 443, 444 et. seq., the Supreme Court affirmed the judgment of the Court of Civil Appeals in the case of Western Union Tel. Co. v. Brooks, 221 S.W. 1022. The Supreme Court reviews a number of Texas cases and said: "Recovery may be had for mental suffering, as an element of actual damage, in a proper case, regardless of whether physical injury or pecuniary loss was sustained."

We see no distinction between the case at bar and the Brooks case and those cited by our Supreme Court in the Brooks opinion.

These propositions being akin are without merit.

■ The fourth proposition contends that the petition shows that the injuries alleged to have been sustained were based purely on imaginary causes and the trial court erred in overruling defendant's demurrer, and the fifth and sixth propositions contend that the general demurrer should have been sustained because the pleadings show that the injuries claimed to have been sustained were based on allegations which fail to state facts which under the law constitute a cause of action.

For the reasons given above, we find no merit in the fifth and sixth propositions.

■ The seventh proposition contends that this suit is based on an alleged contract and there are no allegations in the petition showing any consideration passing between the parties and therefore the pleading states no cause of action and the general demurrer should have been sustained.

In support of this contention appellant cites such cases as Western Union Tel. Co. v. Smith, Tex.Civ.App., 133 S.W. 1062, and

Western Union Tel. Co. v. Fletcher, Tex. Civ.App., 208 S.W. 748, but an examination of those cases and kindred cases convinces us that they are easily distinguishable from the case at bar. Here we have the plaintiff pleading, in plain language, a contract with the defendant to deliver the message, its agreement to do so—that it agreed, bound and obligated itself to do so—that it accepted the message and undertook to deliver it but was negligent in delaying delivery.

Under such allegations, we do not believe that a general demurrer can reach such a petition.

The failure to allege a consideration for the contract would not vitiate the pleading, in view of the allegations showing the contract to deliver was made, undertaken and negligently carried out.

■ The eighth proposition contends that in view of such a pleading the trial court erred in not granting defendant's request for a peremptory instruction, because there was no evidence of the passing of any consideration between the parties.

We are of opinion that a contract imports a consideration and that it was incumbent upon the defendant to allege there was none.

The propositions are without merit.

■ The ninth proposition complains of the refusal of the trial court to define "mental anguish". We do not find where the trial court used such term, in the charge, but do find that the term "physical and mental suffering" was used.

If we consider that "mental suffering" and "mental anguish" are synonymous terms and that the objection as worded is sufficient, we are still of opinion that the term is so commonly used and is of such ordinary meaning that it is easily understood by persons of ordinary, or average, intelligence, and it is not necessary to define it. Enterprise Co. v. Ellis, Tex.Civ. App., 98 S.W.2d 452.

It occurs to us that thousands of cases have been tried in which the terms "mental anguish" and "mental suffering" have been used in the charges and we have found no case tried in a court of last resort where it has been held that it is error for the trial court to refuse to define either of such terms, and it does not seem reasonable that such a question, if important, would go unnoticed for so long a time and in so many cases.

The tenth proposition contends that when a suit is based on damages arising out of mental anguish and physical suffering, it is error for the trial court to submit in a special issue a measure of damages based on mental and physical suffering without limiting the damage to that character of suffering for which the law authorizes a recovery.

■ The defendant requested and the trial court gave a charge instructing the jury that, in arriving at the answers to the special issues touching damages, they should not take into consideration any mental anguish of plaintiff which she may have suffered as the result of unfounded fears as to what might have happened to her grandson.

Thus it appears that the trial court gave the only charge requested by the defendant which undertakes to limit the jury to a consideration of the matters that go to make up the bases or facts that could properly be considered in ascertaining what damages, if any, were suffered.

If the defendant desired a more extended charge, it was its privilege to do so as a predicate for assigned error, when refused, but having prepared the charge that it thought necessary to preserve its rights, it is, in our opinion, bound by such choice.

The eleventh proposition contends that special issue No. 10 is on the weight of the evidence in that it assumes as a fact a disputed question.

■ The jury found the disputed issue, in answering prior questions, and the fact that the issue was used in a subsequent question as a predicate for another material finding, and the subsequent question uses language such as "if you have so found", it seems clear to us that there is no assumption of a disputed fact in the subsequent issue.

The twelfth proposition contends that the trial court erred in refusing to give the defendant's peremptory instruction because the evidence fails to show a cause of action or "any legal injury" suffered by plaintiff.

■ We are of opinion that the evidence is sufficient to support the verdict.

All assignments of error are overruled and the judgment is affirmed.